**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re: Wells Fargo Mortgage Lending Practices : MDL No.: _____
Litigation
: 
: 
: 

**MOTION OF WELLS FARGO, N.A. UNDER 28 U.S.C. § 1407 TO TRANSFER FOR CONSOLIDATED AND COORDINATED PRETRIAL PROCEEDINGS**

1. Defendant Wells Fargo, N.A. ("Wells Fargo") hereby moves for an Order for Consolidation and Transfer of those cases listed on Exhibit A of the Exhibit Volume to a United States District Court with the capacity and experience necessary to handle the litigation.

2. Pursuant to Rule 7.2 of the Rules of Procedures of the Judicial Panel on Multidistrict Litigation, a Schedule of Actions is submitted herewith as Exhibit A in the accompanying Exhibit Volume. The complaints and docket sheets in the actions for which transfer is sought are submitted herewith as Exhibits B (complaints) and C (docket sheets) to the Exhibit Volume.

3.  As set forth more fully in the accompanying brief, as of the date of this filing, at least four separate putative class actions involving allegations of discriminatory lending practices against Wells Fargo have been filed in various federal courts since July 2007.

4.  All of the actions are against the same principal defendant, Wells Fargo Bank, N.A., and they share allegations that plaintiffs were injured as a result of alleged lending practiced by Wells Fargo. The plaintiffs allege in each action that Wells Fargo adopted and intentionally employed a practice of discriminating against plaintiffs on the basis of their race in the financing of residential home purchases. Specifically, the actions claim that, in addition to objective criteria used to determine the cost of a home mortgage loan, Wells Fargo used discretionary fees and charges to increase the cost of financing. The plaintiffs allege that such practices result in minority borrowers having higher loans that similarly situation non-minority borrowers. Each action contends that such practices are in violation of the Equal Credit Opportunity Act and the Fair Housing Act. Three of the four complaints also allege that the practices violate the Civil Rights Act, Sections 1981 and 1982.

5.  Additionally, the plaintiffs in each action seek class certification and purport to represent similar classes of people. Three actions seek certification of classes comprising minority homeowners in the United States who have been subjected to and harmed by allegedly discriminatory practices by Wells Fargo in obtaining their residential mortgage loans. The fourth action seeks certification of essentially the same class, but limited to African-American borrowers.

6.  The earliest action, *Jeffries v. Wells Fargo Bank, N.A. et al.*, was filed in the United States District Court for the Northern District of California on July 30, 2007.

7. Since then, three additional putative class action cases have been filed in federal court against Wells Fargo: (1) *Ventura v. Wells Fargo Bank, N.A.*, filed on August 21, 2007 also in the United States District Court for the Northern District of California; (2) *Rodriguez v. Wells Fargo Bank, N.A.*, filed in the United States District Court for the Central District of California on October 18, 2007 (but as of the date of this motion, has not yet been served); and (3) *Williams v. Wells Fargo Bank, N.A.*, filed on November 8, 2007 in the Northern District of Illinois.

8. Plaintiffs Nancy and Johnny Jeffries and Plaintiff Judy Williams reside in Chicago, Illinois. Plaintiffs Juan and Josefina Rodriguez reside in Los Angeles, California. Plaintiffs Gilbert and Tracy Ventura reside in Casa Grande, Arizona. Among the four actions, none of the plaintiffs resides within the Northern District of California.

9. Plaintiffs have sued Wells Fargo Bank N.A. alleging discriminatory residential mortgage lending practices. The Wells Fargo division that engages is the business of residential mortgage lending is Wells Fargo Home Mortgage, which is headquartered and has its principle place of business in Des Moines, Iowa.

10. As explained more fully in the accompanying memorandum of points and authorities supporting this motion, coordination of these actions for pretrial discovery proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions.

11. Coordinated pretrial proceedings will permit coordinated discovery, which would allow all plaintiffs access to relevant witnesses and documents while also avoiding duplication of efforts.

12. Coordination for pretrial proceedings also would prevent inconsistent pretrial rulings (potentially including on the issue of class certification) and conserve the resources of the parties, their counsel, and the judiciary.

13. As explained more fully in the accompanying memorandum, the following districts emerge as potential transferee districts: the Northern District of Illinois, the Southern District of Iowa, the Northern District of California, the Central District of California, and the District of Arizona. There currently are cases pending in three of these districts: the Northern District of Illinois, and the Northern and Central Districts of California.

14. As explained more fully in the accompanying memorandum, the Northern District of Illinois is the most appropriate transferee district. One of the actions – *Williams v. Wells Fargo Bank, N.A.* – is already pending in the Northern District of Illinois, and the district embraces the geographical area where two of the plaintiffs (Jeffries and Williams) reside and where the Jeffries and Williams loan transactions occurred. Moreover, the Northern District of Illinois has favorable docket conditions and is the only district among those listed above which currently has multidistrict litigation related to mortgage lending practices. Finally, Wells Fargo's principal place of business is nearby in Des Moines, Iowa.

15. The Southern District of Iowa is also a suitable transferee district, because it embraces the geographical area where Wells Fargo Home Mortgage is headquartered and where potentially relevant witnesses and documents are located. None of the four actions is pending in the Southern District of Iowa.

4

16. The Central District of California embraces the geographical area where one alleged loan transaction occurred and where plaintiffs in one of the four actions reside. There is one action pending in the Central District of California, *Rodriguez v. Wells Fargo Bank, N.A.*

17. The District of Arizona embraces the geographical area where one alleged loan transaction occurred and where plaintiffs in one of the four actions reside. None of the four actions is pending in the District of Arizona.

18. There is no known connection between any of the four actions and the Northern District of California, other than the location of counsel in the two actions pending in that district, *Jeffries v. Wells Fargo Bank, N.A.* and *Ventura v. Wells Fargo Bank, N.A.* No plaintiff resides within the Northern District of California, and no alleged loan transactions occurred within the Northern District of California. Contrary to the allegations of the complaints, the Wells Fargo home mortgage business is headquartered in Des Moines, not San Francisco.

19. The first scheduled trial is tentatively set in *Jeffries v. Wells Fargo Bank, N.A.* for November 2009, in the Northern District of California.

20. A copy of this motion, the memorandum in support, and the accompanying Exhibit Volume was served on each party to each action set forth in the Schedule of Actions, and a copy has been filed in each district court in which an action potentially affected by this motion is pending.

Dated: January 3, 2008

        David Z. Smith
        REED SMITH SACHNOFF & WEAVER
        10 South Wacker Drive
        40th Floor
        Chicago, Illinois 60606-7507
        (312) 207 1000
        (312) 207 6400 facsimile

        REED SMITH LLP

        _/s/ Robert D. Phillips, Jr._
        Robert D. Phillips, Jr.
        Two Embarcadero Center
        Suite 2000
        San Francisco, California 94111
        (415) 543-8700
        (415) 391-8269 facsimile

        Attorneys for Defendant Wells Fargo Bank, N.A.