IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDY WILLIAMS, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>          Defendant. | No. 07 CV 6342<br>Judge Der-Yeghiayan<br>Magistrate Judge Valdez |

## INITIAL STATUS REPORT

Plaintiff Judy Williams ("Williams") and defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by their undersigned counsel, having met and conferred, submit this Initial Status Report.

1.    Nature of Claims and Counterclaims.

Williams filed this putative class action against Wells Fargo alleging violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982 *et seq.* Williams asserts that Wells Fargo has violated those statutes by allegedly having an established pattern and practice of discriminating against Williams and the putative class, consisting of allegedly similarly-situated minority borrowers, on the basis of their race in the financing of residential home purchases by giving them mortgages with less favorable terms than it gave to similarly situated non-minority borrowers. At present, Wells Fargo is not asserting any counterclaims.

2.    Relief Sought By Plaintiff

Williams seeks the following relief:

(1)    An order certifying this case as a class action;

- 2 -

(2) A judgment, pursuant to 15 U.S.C. § 1691(e)(c) and/or U.S.C. § 3613, declaring Wells Fargo's discriminatory practices, described in the Complaint, to be in violation of the Equal Credit Opportunity Act, the Fair Housing Act and the Civil Rights Act;

(3) An injunction enjoining Wells Fargo from further discriminating on the basis of race through the use of discretionary pricing policies or non-risk-related discretionary pricing policies;

(4) An injunction ordering Wells Fargo to adopt and enforce a policy that requires appropriate training of Wells Fargo's employees, mortgage specialists and network of mortgage brokers to prevent discrimination;

(5) An injunction ordering Wells Fargo to monitor and/or audit the racial pattern of its financings to ensure the cessation of discriminatory effects in its home mortgage transactions;

(6) An award of disgorgement to Williams and the class;

(7) An award of compensatory and punitive damages to Williams and the class in an amount to be proven at trial;

(8) An award to Williams and the class of their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

(9) An award of such other and further relief as this Court deems necessary and proper.

3. <u>Names of Parties Not Served</u>

All parties have been served.

4.    Principal Legal Issues

The principal legal issues are whether Williams states any claim upon which relief can be granted, whether class status is appropriate, whether Wells Fargo violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and/or the Civil Rights Act, 42 U.S.C. §§ 1981, 1982 *et seq.*, and other related issues.

5.    Principal Factual Issues

Among the principal factual issues are whether Williams can prove the common questions she alleges (and Wells Fargo denies) which include:

> a)    Whether [Wells Fargo] has a policy or practice of discriminating against Class Members by charging them higher interest, fees and other costs for home mortgage loans than it charges to Caucasians with similar credit scores or creditworthiness;
>
> b)    Whether [Wells Fargo] has policies or practices that have had a disparate impact upon Minority borrowers;
>
> c)    Whether [Wells Fargo's] policies and practices have caused damage and injury to [Williams] and the Class entitling them to injunctive and declaratory relief, and the measure of that relief;
>
> d)    Whether [Wells Fargo] can articulate a legitimate non-discriminatory reason for its practices and procedures which are discriminatory;
>
> e)    Whether [Wells Fargo] has any business justification for its practices and procedures that cause a disparate impact upon Minorities;
>
> f)    Whether there is a less discriminatory alternative to these practices;
>
> g)    Whether [Williams] and Class Members have sustained damages, and, if so, the proper measure of those damages.

(Compl. ¶ 25.)  Additional principal factual issues are whether the variations of policies, practices, individual economic circumstances (including credit rating) and other items (which Williams denies) allow for class status.

6.  List of Pending Motions and Brief Summary of Bases For Motions

On January 3, 2008, Wells Fargo filed before the Judicial Panel for Multidistrict Litigation a motion, pursuant to 28 U.S.C. § 1407, to consolidate this action and three other nationwide class actions filed against Wells Fargo also alleging discriminatory lending practices. In its motion, Wells Fargo moves that all of the actions be consolidated either before this Court or, alternatively, the United States District Court for the Southern District of Iowa (i.e., where Wells Fargo's division that engages in the residential mortgage business is located). Wells Fargo expects a ruling by the Judicial Panel in the next few months.

7.  Description of Discovery Requested and Exchanged

To date, no discovery has been requested or exchanged.

8.  Type of Discovery Needed

The parties believe that document requests, interrogatories, requests for admission, depositions, and expert discovery will be needed for both class certification and merits discovery (see discussions below). The parties reserve their rights to add to this list should it become necessary during the progress of the litigation.

9.  Agreed Dates for:

The parties agree that while discovery will proceed in this matter, no motion practice or substantive rulings should occur until the Judicial Panel on Multidistrict Litigation rules on Wells Fargo's motion to consolidate.

Rule 26(a)(1) Disclosures:    February 15, 2008

Fact Discovery Completion

The parties have agreed that discovery should be bifurcated for discovery purposes into two phases – an initial class certification phase, and a subsequent merits phase. The parties

recognize that there will be some overlap between the two, and agree to work together cooperatively to resolve any disputes in good faith before employing the Court's procedures for bringing the discovery dispute to the Court.

    A.    <u>Class Certification Discovery</u>

The parties' agreed schedule for the class certification phase is as follows:

| | |
|---|---|
| <u>Fact discovery completion</u>: | August 22, 2008 |
| <u>Williams's Rule 26(a)(1) expert disclosure due</u>: | August 29, 2008 |
| <u>Williams's expert witness reports due</u>: | September 5, 2008 |
| <u>Wells Fargo's rebuttal disclosure and reports</u>: | September 19, 2008 |
| <u>Williams's rebuttal disclosure</u>: | September 26, 2008 |
| <u>Expert discovery completion</u>: | October 10, 2008 |

<u>Class Certification Briefing</u>:

| | |
|---|---|
| <u>Last day to file motion for class certification</u>: | October 27, 2008 |
| <u>Last day to file opposition to class certification</u>: | November 24, 2008 |
| <u>Last day to file reply brief</u>: | December 15, 2008 |

    B.    <u>Merits Discovery</u>

Subject to the outcome on Williams's motion for class certification, the parties envision a fact discovery cutoff on the merits phase in May 2009, with an expert discovery cutoff on July 31, 2009, dispositive motions to be filed by August 14, 2009, and a filing of the final pretrial order in November 2009. The parties reserve their rights to revisit this proposed schedule should the pending MDL proceedings, described in Section 6 above, and/or any consolidation and lead counsel proceedings result in the delay of the litigation.

10.     Estimation of When the Case Will Be Ready For Trial

The parties estimate the case will be ready for trial in December 2009.

11.     Probable Length of Trial

The parties estimate that the trial will last approximately six weeks, subject to the outcome on Williams' motion for class certification.

12.     Whether A Request Has Been Made For A Jury Trial

Williams has requested a jury trial.

13.     Settlement Discussions And Outcome

The parties have not engaged in settlement negotiations.

14.     Whether Parties Consent to Proceed Before a Magistrate Judge

The parties do not consent to proceed before the Magistrate.

Dated: January 10, 2007

                                          Respectfully submitted,

| | |
|---|---|
| JUDY WILLIAMS,<br>*Plaintiff* | WELLS FARGO BANK, N.A.,<br>*Defendant* |
| By: /s/ Steven P. Schneck<br>    One of her attorneys | By: /s/ David Z. Smith<br>    One of Its Attorneys |
| Robert D. Allison<br>Bruce C. Howard<br>Steven P. Schneck (ARDC No. 6198967)<br>ROBERT D. ALLISON & ASSOCIATES<br>122 S. Michigan Ave., Suite 1850<br>Chicago, IL 60603<br>(312) 427-7600<br>(312) 427-1850 fax<br>*Local Counsel*<br><br>Joseph H. Meltzer<br>Edward W. Ciolko<br>Katherine B. Bornstein<br>Joseph A. Weeden<br>SCHIFFRIN BARROWAY TOPAZ & | David Z. Smith (ARDC No. 6256687)<br>REED SMITH LLP<br>10 S. Wacker Drive, 40th Floor<br>Chicago, IL 60606-7507<br>(312) 207-1000<br>(312) 207-6400 fax<br>dzsmith@reedsmith.com<br><br>Robert D. Phillips, Jr. (*pro hac vice*)<br>REED SMITH LLP<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111-3922<br>(415) 543-8700<br>(415) 391-8269 fax<br>*Lead Trial Attorney* |

KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
(610) 667-7056 fax
*Lead Trial Attorneys*

CHILIB-2128992.4