**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUDY WILLIAMS, individually and on behalf of all others similarly situated, | CASE NO.: 07-cv-6342 |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FED.R. CIV. P. 41(a)(2)** |
| WELLS FARGO BANK, N.A. | |
| Defendant. | |

## I.    Introduction

For the reasons outlined herein, Plaintiff Judy Williams respectfully requests dismissal of this action, without prejudice. Fed. R. Civ. P. 41(a) governs the voluntary dismissal of actions by a plaintiff. Rule 41(a)(1)(A)(i) permits a unilateral voluntary dismissal by the plaintiff "before the opposing party serves either an answer or a motion for summary judgment." However, as Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has served an answer in this action, Plaintiff seeks dismissal of this action pursuant to Rule 41(a)(2), which permits dismissal of an action at the plaintiff's request, pursuant to an order of the court. *See, e.g., Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007); *Chavez v. Ill. State Police*, 251 F.3d 612 , 654 (7th Cir. 2001).

Rule 41(a)(2) provides the court with broad discretion to grant the dismissal of this action at Plaintiff Williams' request. *See Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980) ("The express language of the rule makes it clear

that the determination of whether to grant a motion for voluntary dismissal rests within the sound discretion of the district court"); *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253 (11th Cir. 2001) ("The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)").

Further, a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) should be granted unless the defendant will suffer clear legal prejudice. *See United States of America v. OutBoard Marine Corp.,* 789 F.2d 497, 502 (7th Cir. 1986) (the Court abuses its discretion only when it can be established that the Defendant will suffer "plain legal prejudice" as a result of the dismissal of the Plaintiff's litigation). Even the mere prospect of subsequent litigation is insufficient for denial of a plaintiff's Rule 41(a)(2) motion. *See Pontenberg*, 252 F.3d 1253 (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (court affirmed the district court's decision to dismiss the case without prejudice)); See also *In re Vale*, 180 B.R. 1017, 1023 (N.D. Ind. 1994).

## II.    Background on the Williams Action

On November 8, 2007, Plaintiff Judy Williams filed this action (the "Williams Action") against Wells Fargo. The Williams Action alleges violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982 *et seq.* Specifically, Williams asserts that Wells Fargo has violated those statutes by, *inter alia*, having an established pattern and practice of discriminating against minority mortgage borrowers, including Williams and the putative class, on the basis of their race in the financing of residential home purchases by giving them mortgages with less favorable terms than it gave to similarly situated non-minority borrowers.

2

Williams, a resident of Chicago, filed her action in the Northern District of Illinois. Pursuant to 28 U.S.C. § 1391(b), venue was and is appropriate in the Northern District of Illinois because (a) Wells Fargo resides in this district and this division, (b) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and this division, and (c) a substantial part of property that is the subject of this action is situated in this district and this division.

On January 3, 2008, Wells Fargo filed a motion before the Judicial Panel on Multidistrict Litigation (the "MDL Motion") requesting transfer for consolidation and coordination of similar putative class actions pending in federal district courts against Wells Fargo to a single transferee district. Wells Fargo filed an answer to the Plaintiff Williams' complaint on January 4, 2008. Subsequently, the parties to the Williams action appeared before the Court for a status conference on January 16, 2008. At the status conference, the Court, in light of Defendant's MDL Motion, ordered that the parties return on April 29, 2008 (or possibly later, if the Panel has not yet issued its ruling).

## III.    Similar Actions are Pending in California

Wells Fargo's MDL Motion is currently pending. In short, at least five federal class action lawsuits challenging Wells Fargo's alleged discriminatory lending practices are pending in three federal district courts. In addition to the Williams action, three cases were pending at the time Wells Fargo filed its MDL Motion, listed in order of filing:

1.    *Jeffries v. Wells Fargo Bank N.A.*, No. 07cv3880 (N.D. Cal. 2007);

2.    *Ventura v. Wells Fargo Bank, N.A.*, No. 07cv4309 (N.D. Cal. 2007); and

3.    *Rodriguez v. Wells Fargo Bank, N.A.*, No. 07cv6780 (C.D. Cal. 2007).

Subsequent to the filing of the MDL Motion, a fifth case, *Brown v. Wells Fargo Bank, N.A.*, No. 08-cv0492 was filed against Wells Fargo in the Northern District of

California, alleging the same discriminatory lending practices, along with an administrative motion to relate the case to *Jeffries* and *Ventura*.

The cases each challenge Wells Fargo's mortgage pricing policies and procedures that result in minorities receiving home loans with higher fees, rates and costs than similarly situated non-minority borrowers. The cases are each national in scope and are brought on behalf of overlapping classes.

On January 8, 2008, Judge Martin J. Jenkins of the Northern District of California entered a pre-trial order consolidating *Jeffries* and *Ventura*. Further, Judge Jenkins appointed two firms to serve as Co-Lead and Liaison Interim Class Counsel, as further described in the order, a copy of which is attached hereto as Exhibit A.

On February 15, 2008, *Jeffries* and *Ventura* were reassigned from United States District Court Judges Martin J. Jenkins to United States District Court Judge Maxine M. Chesney. *Jeffries* was assigned new case number C 07-03880 MMC and *Ventura* was assigned new case number C 07-04309 MMC. On February 21, 2008, *Brown* was ordered related to *Jeffries* and *Ventura* and was reassigned from United States District Court Judges Jeffrey S. White to Judge Chesney. *See* Exhibit B attached hereto.

On reassignment, the then-scheduled second Case Management Conference in the *Jeffries* and *Ventura* actions was vacated.[1] Thereafter, on February 21 and 25, 2008, Judge Chesney issued Orders scheduling a joint Case Management Conference in the *Jeffries*, *Ventura* and *Brown* actions, on May 2, 2008, at 10:30 a.m. *See* Exhibits C, D and E attached hereto.

---

[1]  Pursuant to Judge Jenkins' Pretrial Order on Case Management, a continued Case Management Conference in *Jeffries* and *Ventura* was to be held before Judge Jenkins on February 26, 2008.

With respect to the consolidated actions before Judge Chesney, a pretrial schedule is in place, the court has appointed co-lead counsel for plaintiffs, protective orders for the orderly advancement of discovery have been entered and comprehensive discovery requests have been served and are outstanding.

Thus, the three similar actions in the Northern District of California are currently in a more advanced stage of litigation than the Williams action.

## IV.    Plaintiff Williams' Claims Will be Effectively Litigated in the Northern District of California

Plaintiff Judy Williams, through counsel, has met and conferred with the Co-Lead and Interim Class Counsel appointed by Judge Jenkins and pursuant to such good faith consultations, in the interests of the putative class and the efficient and expeditious prosecution of the putative class' claims, Plaintiff Williams, through counsel, has agreed that the most appropriate venue for this action at this time is the Northern District of California. In furtherance of the effective and zealous prosecution of this case, Plaintiff Williams, as a named plaintiff, and her undersigned counsel have agreed to labor amicably with the Co-Lead and Interim Class Counsel appointed by Judge Jenkins.

Further, the Northern District of California is unarguably an appropriate forum for the effective litigation of the claims of Plaintiff Williams and putative class. First, Wells Fargo issues more home loans to consumers in the State of California than in any other state. Second, Wells Fargo is headquartered in San Francisco. Plaintiff Williams believes that the "discretionary pricing policies" that resulted in minorities paying higher fees and interest rates on their home loans emanated from Wells Fargo's corporate San Francisco headquarters -- therefore relevant documentation and witnesses will likely be situated there, as well as in Chicago, Illinois. Plaintiff believes that it is Wells Fargo non-

delegable duty to ensure that its mortgage financing structure and policies do not have a disparate impact on legally protected minority groups—regardless of where they or any of its lending subsidiaries are located.

Lastly, the dismissal of this action will, essentially, moot the pending MDL Motion and, accordingly, conserve the resources of the MDL Panel. As this Court was awaiting the MDL Panel's decision before setting any schedule for the prosecution of the instant action, Defendant will suffer no prejudice by dismissal and the Court will not have expended significant resources in overseeing the litigation.

Accordingly, Plaintiff Williams believes that consenting to the litigation of her claims in the Northern District of California will expedite resolution of her and the proposed class' claims, conserve judicial resources, serve the convenience of both parties and reduce the risk of inconsistent pretrial rulings.

Thus, Plaintiff Williams' interests, at this time given the events that have transpired since the filing of the instant complaint, will be served—and her claims both effectively and more efficiently litigated—in the district where Wells Fargo is headquartered.

## V.    Wells Fargo Will Not Be Prejudiced by the Dismissal of this Action

As described herein, at least four similar actions are pending against Wells Fargo, three of which have already been consolidated in the Northern District of California. Regardless of whether this action proceeds, Wells Fargo must defend the claims alleged herein. As: (a) Wells Fargo is headquartered in the Northern District of California; (b) the claims alleged herein allege conduct that emanated, in part, from Wells Fargo's San Francisco headquarters; and (c) the consolidated actions in California are currently

6

further advanced than this action, Wells Fargo will suffer no harm by the dismissal of this action. If anything, Wells Fargo will benefit by being able to litigate these claims in a more convenient forum vis-à-vis its national headquarters.

Further, Wells Fargo has accrued minimal expense with respect to this action. In *Tyco*, even where discovery had been taken and class certification had briefed, the Seventh Circuit held that, because the discovery pursued in the case had not been overly extensive, the amount of discovery which had taken place during the litigation did not render a voluntary dismissal of the litigation impermissibly prejudicial to the defendant. *See Tyco Laboratories, Inc.*, 627 F.2d at 56. In the *Williams* action, to date, no discovery requests have been served and no issues have been briefed. The parties have simply attended one status conference, where the Court essentially delayed further litigation of this action, pending the resolution of Wells Fargo's MDL Motion.

## VI.    Conclusion

For the foregoing reasons, Plaintiff Williams respectfully submits that her action be dismissed, without prejudice.

Dated: March 19, 2008                                 Respectfully submitted,

                                                      **SCHIFFRIN BARROWAY**
                                                      **TOPAZ & KESSLER, LLP**


                                                      _____/s/ Edward W. Ciolko_____
                                                      Joseph H. Meltzer
                                                      Edward W. Ciolko
                                                      Katherine B. Bornstein
                                                      Joseph A. Weeden
                                                      280 King of Prussia Road
                                                      Radnor, Pennsylvania 19087
                                                      Telephone: (610) 667-7706
                                                      Facsimile: (610) 667-7056

**ROBERT D. ALLISON &
ASSOCIATES**
Robert D. Allison, I.D. #36749
Bruce C. Howard
Steven P. Schneck
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
Telephone: (312) 427-7600
Facsimile: (312) 427-1850

*Attorneys for Judy Williams*

**EXHIBIT A**

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman (*Pro Hac Vice*)
Wendy J. Harrison (CA SBN 151090)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 274-1100

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (CA SBN 90858)
42 Miller Avenue
Mill Valley, California 94941
(415) 381-5599

RODDY KLEIN & RYAN
Gary Klein (*Pro Hac Vice*)
Shennan Kavanagh (*Pro Hac Vice*)
727 Atlantic Avenue
Boston, MA  02111-2810
Telephone:  617/357-5500

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
Shawn A. Williams
100 Pine Street Suite 2600
San Francisco, CA 94111
Telephone:  415/288-4545

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
Samuel H.  Rudman (*Pro Hac Vice*)
Robert M. Rothman (*Pro Hac Vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION | [PROPOSED] PRE-TRIAL ORDER NO. 1 |
| | Honorable Martin J. Jenkins |
| | Date Action Filed: July 30, 2007 |
| This document relates to: | |
| ALL ACTIONS | Lead Case No: C 07-03880 MJJ |
| | Related Case No: C 07-04309 MJJ |

In order to promote the just, expeditious and cost-effective resolution of this litigation, IT IS HEREBY ORDERED as follows:

I.    RULE 42 CONSOLIDATION, MASTER FILE AND MASTER DOCKET

A.    Pursuant to Federal Rule of Civil Procedure 42(a), the Clerk of Court shall consolidate the action *Jeffries et al. v. Wells Fargo Bank N.A. et al.,* C 07-03880 MJJ, and Related Case *Ventura et al. v. Wells Fargo Bank N.A.,* C 07-04309 MJJ for pretrial proceedings (the "Consolidated Actions").

B.    The *Jeffries* action, C 07-03880 MJJ, as the first filed action, is the lead case and will now be referred to as "In Re Wells Fargo Residential Mortgage Lending Discrimination Litigation."

C.    Pursuant to LR 3-4(b), when a pleading or other captioned document is filed which is intended to be applicable to all these Consolidated Actions, the paper shall be filed with a caption denoting the new title caption, further denoting the lead case number (C 07-03880 MJJ) above all consolidated case numbers, and indicating that it is applicable to "All Actions." Duplicate originals need not be submitted for associated cases.

D.    When such a pleading or other paper is filed stating that it is applicable to "All Actions," the Clerk of Court ("Clerk") is directed to file such pleading or paper in C 07-03880 MJJ as the Master File, and enter such filing in the docket for C 07-03880 MJJ as the Master Docket.

3

E.    An original of this Order and every subsequent Order shall be filed by the Clerk in the Master File and entered upon the Master Docket.

F.    When a pleading or other captioned document is intended to be applicable only to one or more, but fewer than all, of these Consolidated Actions, the paper shall be filed with a caption indicating the actions which it is applicable to through use of the last name of the first-named plaintiff in that action and that action's case-specific number, and with an additional duplicate original for each of the individual actions so identified.

G.    When such a pleading or other paper is filed stating that it is applicable to fewer than all of these Consolidated Actions, the Clerk is directed to file such pleading or paper in the docket(s) for such action(s).  The Clerk shall also note on the Master Docket those actions to which the document relates.

II.    APPOINTMENT AND ORGANIZATION OF PLAINTIFFS' CO-LEAD AND LIAISON INTERIM CLASS COUNSEL

A.    The organizational structure of Plaintiffs' counsel established under paragraph III.B. hereof shall apply to all such Plaintiffs' counsel in all of these Consolidated Actions, and including subsequently filed actions.

B.    Pursuant to Federal Rule of Civil Procedure 23(g), the following counsel are designated to act on behalf of Plaintiffs and the Class in these Consolidated Actions and all subsequently filed actions unless otherwise ordered by the Court ("Co-Lead and Liaison Interim Class Counsel"):

4

1.    BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.
       ANDREW S. FRIEDMAN
       2901 N. Central Avenue
       Suite 1000
       Phoenix, AZ  85012
       Telephone:  602/274-1100

       *Co-Lead Interim Class Counsel*

2.    RODDY KLEIN & RYAN
       GARY KLEIN
       727 Atlantic Avenue
       Boston, MA  02111-2810
       Telephone:  617/357-5500

       *Co-Lead Interim Class Counsel*

3.    Coughlin Stoia Geller Rudman & Robbins LLP
       SHAWN A. WILLIAMS
       100 Pine Street Suite 2600
       San Francisco, CA 94111
       Telephone:  415/288-4545

       Coughlin Stoia Geller Rudman & Robbins LLP
       SAMUEL H.  RUDMAN
       ROBERT M. ROTHMAN
       58 South Service Road
       Suite 200
       Melville, NY 11747
       Telephone:  631/367-7100

       *Liaison Interim Class Counsel*

    C.    Co-Lead and Liaison Interim Class Counsel are directed to mail a

copy of this Order to all counsel of record in each of these consolidation actions.

    D.    Co-Lead and Liaison Interim Class Counsel are expected to maintain

communications and promote harmonious dealings among all Plaintiffs' counsel.

5

Co-Lead and Liaison Interim Class Counsel shall provide general supervision of the activities of Plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

1.  to brief and argue motions;

2.  to initiate and conduct discovery, including, without limitation, coordination of discovery with Defendants' counsel, the preparation of written interrogatories, requests for admissions and requests for production of documents;

3.  to direct and coordinate the examination of witnesses in depositions;

4.  to act as spokesperson at pretrial conferences;

5.  to call and chair meetings of counsel as appropriate or necessary from time to time;

6.  to initiate and conduct any settlement negotiations with counsel for Defendants;

7.  to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

8.  to consult with and employ experts;

9.     to receive and review periodic time reports of all attorneys on behalf of Plaintiffs and to determine if the time is being spent appropriately and for the benefit of Plaintiffs; and

10.     to perform such other duties as may be expressly authorized by further order of this Court.

E.     Defendants' counsel may rely upon all agreements made with Plaintiffs' Co-Lead and Liaison Interim Class Counsel and such agreements shall be binding on Plaintiffs and Plaintiffs' counsel in these Consolidated Actions and any subsequent related actions.

III.     LATER FILED CASES IN THIS COURT

A.     When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

1.     File a copy of this Order in the separate file for such action.

2.     Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in the actions consolidated herewith.

3.     Make an appropriate entry in the Master Docket.

4.     Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

5.      Upon the first appearance of any new defendant(s) mail to the attorneys for the defendant(s) in such newly filed or transferred case a copy of this Order.

B.      Counsel for plaintiffs and defendants in the consolidated actions shall cooperate in calling to the attention of the Clerk any newly filed or transferred case.

## IV.    APPLICATION OF THIS ORDER TO SUBSEQUENT ACTIONS

A.      This Order shall apply to each case alleging claims similar to those set forth in these consolidated actions, which is filed in or transferred to this Court after the date of this Order, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

B.      Because additional cases may be consolidated with these Consolidated Actions in this Court, this Court will issue orders to the extent practicable calling for such matters to proceed in a manner consistent with the schedule in these Consolidated Actions.

C.      All future plaintiffs' counsel consolidated in this action must be authorized in advance by Co-Lead and Liaison Interim Class Counsel to assume

responsibilities related to those of the firms designated above as Co-Lead and

Liaison Interim Class Counsel.

V.    PRESERVATION OF EVIDENCE

A.    The Court reminds the parties of their duty to preserve evidence that

may be relevant to these Consolidated Actions.

B.    This duty extends to documents, data and tangible things (to be

interpreted broadly) in the possession, custody and control of the parties to this

action, and the employees, agents, contractors or other non-parties who possess

materials reasonably anticipated to be subject to discovery in these consolidated

actions.  Counsel are under an obligation to exercise efforts to identify and notify

such non-parties, including employees.

C.    Preservation of evidence is to be interpreted broadly to accomplish the

goal of maintaining the integrity of all documents, data and tangible things

reasonably anticipated to be subject to discovery in these Consolidated Actions.

D.    Counsel are directed to inquire of their respective clients if the

business practices of any party involve the routine destruction, recycling,

relocation or mutation of such materials and, if so, direct the party, to the extent

practicable for the pendency of this order, either to (1) halt such business

processes; (2) sequester or remove such material from the business process; or (3)

arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

     E.    The most senior lawyer or lead trial counsel representing Defendant and a representative for Co-Lead and Liaison Interim Class Counsel shall, not later than _____, 2008, submit to the Court under seal and pursuant to Federal Rule of Civil Procedure 11, a statement that the directive in paragraph IV(D) above, has been carried out.

## VI.   MISCELLANEOUS

     A.    Counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in these Consolidated Actions.

     B.    All subsequent pretrial orders issued in these Consolidated Actions shall be numbered consecutively.  Any reference to an Order of this Court in any document filed with the Court shall include the proper number of the Order.

     C.    This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order.

     D.    Service of any pleading, motion or other paper shall be made by hand delivery, facsimile, overnight delivery or by United States mail to counsel for Defendant and to the firms appointed as Co-Lead and Liaison Interim Class

Counsel, as well as by e-mail to the designated e-mail distribution lists submitted by each party, as updated.

E.     All Plaintiffs' counsel in these Consolidated Actions and counsel of any future matter consolidated with this case shall submit a record of the time expended on these matters on a monthly basis in a manner prescribed by Co-Lead and Liaison Interim Class Counsel.

IT IS SO ORDERED.

DATED:  ____January 8_____, 2008.

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

**<u>EXHIBIT B</u>**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### RELATED CASE ORDER

An Administrative Motion has been filed, stating that the following cases may be related within the meaning of Civil L.R. 3-12:

| | |
|---|---|
| **C 07-3880 MMC** | **Jeffries, et al. v. Wells Fargo Bank, N.A., et al.** |
| **C 07-4309 MMC** | **Ventura, et al. v. Wells Fargo Bank** |
| **C 08-0492 JSW** | **Brown v. Wells Fargo Bank, N.A.** |

### ORDER

On the basis of the material submitted to the Court, as the Judge assigned to the earliest filed case, I find that the cases:

[  ] **ARE NOT RELATED** as defined by Civil L.R. 3-12(a).

[ X ] **ARE RELATED** as defined by Civil L.R. 3-12(a).  Counsel are instructed that all future filings in Brown v. Wells Fargo Bank, N.A. are to bear the initials **MMC** immediately after the case number.  Any case management conference in the reassigned case will be rescheduled by the Court.  Any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the undersigned; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for any appearance in court, which will be rescheduled by the undersigned.

**DATED:**  February 21, 2008

MAXINE M. CHESNEY
United States District Judge

**<u>EXHIBIT C</u>**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NANCY JEFFRIES, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | NO.  C-07-3880  MMC |
| | ) | |
| vs. | ) | |
| | ) | **CASE MANAGEMENT** |
| WELLS FARGO BANK, et al., | ) | **CONFERENCE ORDER** |
| | ) | |
| Defendant(s), | ) | |
| | ) | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on   Friday, May 2, 2008         at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:    February 27, 2007.

_MAXINE M. CHESNEY_
**MAXINE M. CHESNEY**
**United States District Judge**

# **EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **GILBERT VENTURA, SR., et al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff(s),** | ) | **NO.  C-07-4309  MMC** |
| | ) | |
| **vs.** | ) | |
| | ) | **CASE MANAGEMENT** |
| **WELLS FARGO BANK,** | ) | **CONFERENCE ORDER** |
| | ) | |
| **Defendant(s),** | ) | |
| | ) | |

  **IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on  Friday, May 2, 2008  at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

  Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

  Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement*. Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

  Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

  Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date. Good cause must be shown.

      Failure to comply with this Order or the Local Rules of this Court may result in sanctions. <u>See</u> Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

      IT IS SO ORDERED.

Dated:   February 27, 2007.


                                      MAXINE M. CHESNEY
                                      United States District Judge

**<u>EXHIBIT E</u>**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RUBY KATHRYN BROWN, | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | NO.  C-08-0492   MMC |
| | ) | |
| vs. | ) | |
| | ) | **CASE MANAGEMENT** |
| WELLS FARGO BANK, N.A., | ) | **CONFERENCE ORDER** |
| | ) | |
| Defendant(s), | ) | |
| | ) | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on   Friday, May 2, 2008   at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.  Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement*. Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date. Good cause must be shown.

 Failure to comply with this Order or the Local Rules of this Court may result in sanctions. <u>See</u> Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

 IT IS SO ORDERED.

Dated: February 27, 2007.

MAXINE M. CHESNEY
United States District Judge