IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDY WILLIAMS, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>WELLS FARGO BANK, N.A., )<br><br>Defendant. ) | No. 07 CV 6342<br>Judge Der-Yeghiayan<br>Magistrate Judge Valdez |

**OPPOSITION OF DEFENDANT WELLS FARGO BANK, N.A., TO
PLAINTIFF'S MOTION TO DISMISS**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this memorandum in opposition to Plaintiff Judy Williams' ("Williams") motion to dismiss this action ("Motion").

I. **INTRODUCTION**

Williams' Motion is only nominally a motion to dismiss. In fact, Williams admits that her true purpose is to transfer venue to the Northern District of California where she can "labor amicably" as a "named plaintiff" with plaintiffs in the other related actions. But a motion to transfer venue (Wells Fargo's "MDL Motion") *is already pending* before the Judicial Panel on Multidistrict Litigation ("MDL Panel"). Indeed, Williams, who lives in Chicago, filed a response to the MDL Motion in January, in which she supported consolidation and sang the praises of the Northern District of Illinois as the best possible venue for the consolidated actions.

Now, after mysterious "consultations" with counsel for the plaintiffs in the California actions, Williams has done an about-face and insists that her case should not proceed in this District (where she filed it), but should be prosecuted in California instead. In other words, Williams seeks to achieve multidistrict consolidation and transfer through this Court, even though the MDL Panel is exclusively charged with adjudicating such questions. As such, the Motion is a cynical attempt to do an end-run around the MDL Panel, and it should be denied.

II.    **ARGUMENT**

A.    **Williams Has Argued for Transfer and Consolidation to this District**

On January 8, 2008, Wells Fargo filed its MDL Motion.  On January 28, 2008, Williams filed her response to the MDL Motion ("MDL Response"), a true and correct copy of which is attached hereto as Exhibit A.

In her MDL Response, Williams agreed fully with Wells Fargo's position that consolidation of the actions – including this *Williams* case – was appropriate, and that the consolidated actions should be transferred here, to the Northern District of Illinois.  In support of this argument, Williams pointed out that her own loan transaction and those of other named plaintiffs were consummated in Chicago, where she lives; she acknowledged the convenience of having "Wells Fargo Home Mortgage's headquarters and principal place of business" located in nearby Iowa; she described this District as "the best transferee forum," and extolled the "sophistication of the Courthouse and clerk's office"; and she even listed Chicago's airports and the airlines that service them, in support of her argument that "Chicago is the most convenient centralized location for parties, attorneys and witnesses."

Her support for this District was not halfhearted:

> Plaintiff Williams further agrees with Defendant that *the Northern District of Illinois is the best transferee forum as it is more than capable of managing the actions given its centralized location and sophistication of the Courthouse and clerk's office*.  […] First and foremost, Chicago is a geographically central location for this nationwide litigation.  In weighing convenience of all parties, counsel, and witnesses, the Northern District of Illinois would be best for all parties.  [Citations.]
>
> *Two of the four plaintiffs in the respective actions subject to Defendants' motion are residents of Chicago and have counsel in Chicago*.  Furthermore, *the majority of documents related to Plaintiffs' claims, as well as party witnesses, are located in the neighboring state of Iowa.  Wells Fargo Home Mortgage's headquarters and principal place of business is located in Iowa, which is conveniently located in close proximity to the Northern District of Illinois.*  Defendant anticipates, and Plaintiff Williams agrees, that written discovery requests, as well as notices of depositions regarding Wells Fargo's home mortgage business, will

be directed to corporate witnesses located in Iowa.  Thus, the
Northern District of Illinois is close to where many witnesses and
documents will be located. […]

Finally, *Plaintiff Williams adopts Defendant's arguments that the
Northern District of Illinois has the most favorable docket
conditions and significant experience in managing multidistrict
litigation related to mortgage lending.  These factors along with
Plaintiff William's arguments above, demonstrate that the
Northern District of Illinois is the best location and more than
capable to accept this litigation*.

(Ex. A at 3-5 (emphasis added).)

Now, suddenly, "the most appropriate venue for this action … is the Northern District of

California," and "Wells Fargo is headquartered in San Francisco."  (Mot. at 5.)  Despite the fact

that none of the named plaintiffs' loan transactions occurred in San Francisco, Williams now

believes that the pricing policies at issue somehow "emanated" from that city, and that "relevant

documentation and witnesses will likely be situated there, as well as in Chicago, Illinois."  (*Id*.)

The Motion doesn't mention Iowa.

Williams' 180-degree turn implicates the doctrine of judicial estoppel, "a doctrine

intended to prevent the perversion of the judicial process."  *See In re Cassidy*, 892 F.2d 637, 641

(7th Cir. 1990) (citation omitted).  Judicial estoppel holds that where a party "assumes a certain

position in a legal proceeding and succeeds in maintaining that position, he may not thereafter,

simply because his interests have changed, assume a contrary position, especially if it be to the

prejudice of the party who has acquiesced in the position formerly taken by him."  *New

Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation omitted).  "The purpose of judicial

estoppel is *to protect the courts from being manipulated by chameleonic litigants* who seek to

prevail, twice, on opposite theories."  *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999)

(internal quotations and citation omitted) (emphasis added).  The doctrine is applied where, as

here, "intentional self-contradiction is being used as a means of obtaining unfair advantage in a

forum designed for suitors seeking justice, to prevent litigants from playing fast and loose with

the courts."  *Cassidy*, 892 F.2d at 641 (internal quotations and citation omitted).

- 3 -

With the filing of her current Motion, Williams has taken diametrically opposite positions at the same time in two separate judicial proceedings – one position in this action and the other before the MDL Panel. Her Motion should be denied on that basis alone. In addition, the Motion is replete with falsehood. Williams' claim that "Wells Fargo is headquartered in San Francisco" is deliberately misleading, since she knows that the mortgage division (and its employees and documents) are all in Iowa, and *repeatedly* cited that fact in her MDL Response. Her claim that "comprehensive discovery requests have been served and are outstanding" in the California actions is also deliberately misleading, as it omits the fact that the discovery has been stayed pursuant to stipulation of the parties, pending a ruling on the MDL Motion. Finally, the claim that a "pretrial schedule is in place" in the California actions is just flat wrong: Judge Chesney's Case Management Orders in the California actions schedule a new joint case management conference on May 2, 2008, and require the parties to meet and confer and submit a new joint case management statement, which will result in a new schedule at that time.

When it was convenient, Williams argued strenuously in favor of transfer and consolidation of all actions to this District, and Wells Fargo relied on that position. Indeed, Wells Fargo cited Williams' MDL Response in its reply brief submitted to the MDL Panel. Now, plaintiffs seek to obtain an unfair advantage in the MDL Motion by playing "fast and loose" with the courts. This Court should not sanction such tactics and should deny the Motion.

### B.    Williams' Motion Unfairly Prejudices Wells Fargo

Where, as here, the defendant has filed an answer, the Federal Rules of Civil Procedure require court approval for voluntary dismissal. Fed. R. Civ. P. 41(a)(2); and 23(e). A motion for voluntary dismissal "calls for the exercise of judicial discretion *to avoid an unfair effect on anyone else incident upon such a termination of the suit*." *Beaver Assoc. v. Cannon*, 59 F.R.D. 508, 510 (S.D.N.Y. 1973) (emphasis added). "The fact that the suit will be dismissed with prejudice to the plaintiff *is not the only consideration before the Court; the possible effect on*

- 4 -

*others must be considered.*" *Id*. (emphasis added). Thus, dismissal is improper where it would unfairly prejudice a defendant. *Tyco Labs. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

As stated above, Wells Fargo has filed and the parties have extensively briefed the MDL Motion. The MDL Motion asks the Panel to adjudicate two questions: (1) whether consolidation of multiple actions is appropriate; and (2) where to transfer the consolidated proceedings. The actions at issue in the MDL Motion are pending in three districts: the Central District of California (*Rodriguez*); the Northern District of California (*Jeffries, Ventura and Brown*); and the Northern District of Illinois (*Williams*). According to the statute, the MDL Panel's determination of venue should be based on "the convenience of parties and witnesses" and must "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407.

By her Motion, Williams seeks to dismiss the only case pending in the Northern District of Illinois. Not by coincidence, the *Rodriguez* plaintiffs have also concurrently filed a motion to dismiss their case (pending in the Central District of California).[1] Although, collectively, plaintiffs claim to act in the interests of the parties' convenience, their true purpose is clear: to eliminate any action not pending in the Northern District of California, so that they can argue to the Panel that the MDL Motion is moot and the actions should be consolidated there. The fact that Williams sees herself as a "named plaintiff" in California only confirms that the Motion is a blatant effort at forum shopping, and certainly does not reflect any change in the posture of the cases since the filing of the MDL Motion.

In fact, the only development since Williams' full-throated support for transfer and consolidation in this District in January – other than the back-room "consultations" among would-be class counsel – is the reassignment of the Northern District of California cases from

---

[1]   A true and correct copy of the *Rodriguez* motion to dismiss is attached hereto as Exhibit B. While Wells Fargo was initially inclined to stipulate to the dismissal of *Rodriguez*, the scheme among plaintiffs' counsel to manipulate the MDL process did not become apparent until the simultaneous filing of motions to dismiss all but the Northern District of California cases. Wells Fargo now opposes dismissal of the *Rodriguez* case.

one judge to another. This reinforces the appearance of judge shopping, a universally condemned practice. *See Freeman v. Kohl & Vick Mach. Works, Inc.*, 673 F.2d 196, 198 n.2 (7th Cir. 1982) (noting "the strong federal policy against collusion and forum shopping").

As such, the Motion is an improper attempt to manipulate this Court and the MDL Panel for the sole purpose of gaining advantage in litigation. Indeed, the timing of the Motion confirms this improper purpose, set as it is for a hearing on March 26th – just one day before the hearing on Wells Fargo's MDL Motion. Williams' efforts could all be for naught, however, since as a matter of law no case need be pending in a district in order for the MDL Panel to transfer the case to that district. *See In re U. S. Fin. Secs. Litig.*, 375 F. Supp. 1403, 1404 (JPML 1974). Nonetheless, Williams' stunt plainly implicates the MDL Motion, and it contradicts her position taken previously in her MDL Response. This duplicity and the misleading impression Williams is attempting to create, cause undeniable prejudice to Wells Fargo, which is litigating in good faith before the MDL Panel and relied on positions that Williams has taken before that tribunal. Dismissal is therefore not justified. *See Tyco Labs.*, 627 F.2d at 56.

Furthermore, Wells Fargo has incurred fees and costs briefing the MDL Motion, as well as in litigating this case. As Williams points out, Wells Fargo has filed its Answer in this case, met and conferred with opposing counsel, and appeared before this Court for the January 16, 2008, status conference. Any ruling dismissing this action before the Panel rules on the MDL Motion would therefore be patently unfair and prejudicial to Wells Fargo. Accordingly, this Court should deny the Motion or, at the very least, defer to the MDL Panel and delay any ruling until a decision has been rendered on Wells Fargo's MDL Motion.

## C.   If the Court Dismisses this Action, Wells Fargo Should be Awarded its Fees and Costs

It is well-settled that a district court may condition a voluntary dismissal without prejudice on payment of attorneys' fees and costs to the defendant. Fed. R. Civ. P. 41(a)(2); *see Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985); *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126,

129 (5th Cir. 1978). If this Court grants Williams' Motion, Wells Fargo therefore requests that the Court award Wells Fargo its reasonable fees and costs incurred in defending this action.

For some months now, Wells Fargo has believed that Williams intended to prosecute her case in this District. Wells Fargo has incurred the cost of appearing in the action and complying fully with its pretrial obligations. Williams should not be allowed to abruptly change her mind without absorbing the cost needlessly imposed on Wells Fargo by this litigation.

### III.    CONCLUSION

Williams' Motion does not truly seek dismissal, but rather is a transparent attempt to influence the MDL Panel in its deliberations on Wells Fargo's MDL Motion. As such, the Motion is designed to achieve an improper purpose and would prejudice Wells Fargo unfairly. The Motion should be denied.

Dated:  March 20, 2008                    Respectfully submitted,


                                          WELLS FARGO BANK, N.A.,
                                          *Defendant*

                                          By: /s/   David Z. Smith
                                              One of Its Attorneys

David Z. Smith (ARDC  No. 6256687)
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606-7507
(312) 207-1000
(312) 207-6400 fax
dzsmith@reedsmith.com

Robert D. Phillips, Jr. (*Admitted Pro Hac Vice*)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, California 94111
Telephone: (415) 543-8700
Fax: (415) 391-8269
rphillips@reedsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2008, I electronically filed the foregoing **OPPOSITION OF DEFENDANT WELLS FARGO BANK, N.A., TO PLAINTIFF'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Robert D. Allison
Robert D. Allison & Associates
rdalaw@ix.netcom.com

Bruce C. Howard
Robert D. Allison & Associates
bchoward@ix.netcom.com

Steven Paul Schneck
Robert D. Allison & Associates
spschneckjazzlaw@yahoo.com

Edward W. Ciolko
Schiffrin, Barroway, Topaz & Kessler LLP
eciolko@sbclasslaw.com

Katherine B. Bronstein
Schiffrin, Barroway, Topaz & Kessler LLP
kbornstein@sbtklaw.com

Joseph H. Meltzer
Schiffrin, Barroway, Topaz & Kessler LLP
jmeltzer@sbtklaw.com

Joseph A. Weeden
Schiffrin, Barroway, Topaz & Kessler LLP
jweeden@sbtklaw.com

/s/ David Z. Smith_____
David Z. Smith (ARDC No. 6256687)
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606-7507
(312) 207-1000
(312) 207-6400 fax
dzsmith@reedsmith.com