# EXHIBIT A

Case 1:07-cv-06342    Document 40-2    Filed 03/20/2008    Page 1 of 11

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

---

In Re: Wells Fargo Lending Mortgage  :  MDL Docket No. 1930
Lending Practices                    :

---

PLAINTIFF JUDY WILLIAMS'S MEMORANDUM IN RESPONSE
TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION
UNDER 28 U.S.C. § 1407 TO TRANSFER FOR CONSOLIDATED
AND COORDINATED PRETRIAL PROCEEDINGS

I.  INTRODUCTION

Pursuant to the Rules of Procedure for the Judicial Panel on Multidistrict Litigation and the January 8, 2008 correspondence from the Clerk of the Panel, Judy Williams ("Plaintiff" or "Williams"), on behalf of herself and a class of all others similarly situated, respectfully submits this Memorandum in Response to Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") Motion Under 28 U.S.C. § 1407 to Transfer for Consolidated and Coordinated Pretrial Proceedings ("Motion").

Plaintiff Williams is the named plaintiff in a putative class action filed against *Wells Fargo* in the United States District Court, Northern District of Illinois, Civil Action No.07cv6342, currently pending before the Honorable Samuel Der-Yeghiayan (the "Williams Action").

The Williams Action, filed on November 8, 2007, alleges violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982 *et seq.* Williams asserts, that Wells Fargo has violated those statutes by, *inter alia*, allegedly having an established pattern and practice of discriminating against minority mortgage borrowers, including Williams and the putative class, on the basis of their race in the financing of residential home purchases by giving them mortgages with less favorable terms than it gave to similarly situated non-minority borrowers.

Williams, a resident of Chicago, filed her action in the Northern District of Illinois. Under 28 U.S.C. § 1391(b), venue is appropriate in the Northern District of Illinois because (a) Defendant resides in this district and this division, (b) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and this division, and (c) a substantial part of property that is the subject of this action is situated in this district and this division.

Defendants Answered on or about January 4, 2008. Thereafter, the parties met and conferred and timely submitted to the Court: (i) a Joint Initial Status Report; and (ii) a Joint Jurisdictional Status Report, in accordance with Judge Der-Yeghiayan's procedures and Orders. The parties appeared before the Court for a status conference on January 16, 2008. At the status conference, the Court, in light of Defendant's Motion before the Panel, ordered that the parties return on April 29, 2008 (or possibly later, if the Panel has not yet issued its ruling).

Plaintiff, while reserving her right to contest Wells Fargo's specific characterizations in its supporting Memorandum of Law in Support of its Motion ("Def. Mem.," agrees that (1) the related actions should be coordinated given the similarity in claims and the early procedural juncture of each case; and (2) the Northern District of Illinois is an appropriate venue for such coordination due to its relatively central location and the ample capabilities of the district and the Court.

## II   ARGUMENT

Plaintiff concurs with Defendant that: (1) the core allegations underlying each of the purported class actions are common (Def. Mem. at 6-7); (2) litigation before one district judge will serve the convenience of the parties and witnesses (*id*. at 7-8); and (3) the requested consolidation will lead to a just and efficient resolution of the dispute (*id*. at 8-9). Plaintiff Williams further agrees with Defendant that the Northern District of Illinois is the best transferee forum as it is more than capable of managing the actions given its centralized location and sophistication of the Courthouse and clerk's office.

The Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigations. First and foremost, Chicago is a geographically central location for this nationwide litigation. In weighing convenience of all parties, counsel, and witnesses, the Northern District of Illinois would be best for all parties. *See e.g., In re McDonald's French Fries Litig.*, 444 F. Supp. 2d 1342 (J.P.M.L. 2006) ("[G]iven the geographic dispersal of the constituent actions, the Northern District of Illinois offers a relatively geographically central and accessible forum for this litigation."); *In re "Factor VIII or IX Concentrate Blood Prods." Prods. Liab. Litig.*, 853 F. Supp. 454 (J.P.M.L. 1993) (transferring to the Northern District of Illinois for pretrial in products liability actions against blood product

3

manufacturers because the location was geographically central, the assigned judge had experience trying similar suit, and two of the four defendants were located there); *see also In re Air Crash Disaster at Sioux City*, 128 F.R.D. 131, 132 (J.P.M.L. 1989) (concluding that the Northern District of Illinois, and not the Eastern District of Pennsylvania, Northern District of Ohio, Northern District of California or Central District of California of California, was the appropriate transferee forum because it was conveniently located for many parties and witnesses.)

Two of the four plaintiffs in the respective actions subject to Defendants' motion are residents of Chicago and have counsel in Chicago. Def. Mem. at 6. Furthermore, the majority of documents related to Plaintiffs' claims, as well as party witnesses, are located in the neighboring state of Iowa. Def. Mem. at 11. Wells Fargo Home Mortgage's headquarters and principal place of business is located in Iowa, which is conveniently located in close proximity to the Northern District of Illinois. Def. Mem. at 6. Defendant anticipates, and Plaintiff Williams agrees, that written discovery requests, as well as notices of depositions regarding Wells Fargo's home mortgage business, will be directed to corporate witnesses located in Iowa. Def. Mem. at 8. Thus, the Northern District of Illinois is close to where many witnesses and documents will be located. Defendant, which seeks to transfer all proceedings to the Northern District of Illinois, has obviously taken these factors into consideration in requesting the Panel to transfer these related actions to the Northern District of Illinois.

Moreover, the Northern District of Illinois is located in Chicago, one of the country's largest cities with all of the conveniences attendant thereto. For example, Chicago is a transportation hub with two major international airports. O'Hare International Airport ("O'Hare"), one of the busiest airports in the world, is a major airport serving numerous

domestic and international destinations, with many direct flights from both coasts. O'Hare is a hub for United Airlines and American Airlines. Chicago Midway International Airport ("Midway") is a major hub for Southwest Airlines, as well as a focus city for ATA Airlines and AirTran Airways, all of which offer budget-minded travel options. With two major airports, Chicago is the most convenient centralized location for parties, attorneys and witnesses, many of whom are located across the country and will need to fly to the District that the Panel selects for this litigation.

The Southern District of Iowa would not be convenient for a large number of parties and witnesses, especially the plaintiffs. With all due respect, the airport in Des Moines is a relatively small operation. As opposed to the two major metropolitan airports servicing Chicago, Des Moines airport has only 19 non-stop connections to major airline hubs across the country. These non-stop destinations do not include any locations in Northern California or Eastern Pennsylvania, which are the locations of counsel for two of the four plaintiffs.[1] Also, Des Moines does not offer the same amenities as a large city such as Chicago. Finally there are 45 district judges, senior district judges and magistrate judges in the Northern District of Illinois, as opposed to 10 judges in the Southern District of Iowa.[2]

Furthermore, new technology available to lawyers practicing in its courtrooms militates in favor of transfer to the Northern District of Illinois. *See e.g., In re Sulfuric Acid Antitrust Litig.*, 270 F. Supp. 2d 1379 (J.P.M.L. 2003) ("In concluding that the Northern District of Illinois is an appropriate forum for this docket, we note that the Illinois district i) is an accessible and

---

[1] Counsel for Plaintiff Nancy Jeffries is at Coughlin Stoia Geller Rudman & Robbins LLP, located at 100 Pine Street, Suite 2600, San Francisco, CA 94111.

[2] Likewise, the Northern District of California would not be an appropriate transferee forum. None of the plaintiffs reside in the Northern District of California (*see* Def. Mem. at pp. 3-5. And Wells Fargo's residential mortgage business is not based in San Francisco. *Id.* There is also no compelling reason to transfer these related actions to the Central District of California.

5

geographically central location for both the domestic and foreign MDL-1536 parties, and ii) is equipped with the resources that this complex antitrust docket is likely to require."). In recognition of the benefits of video and other evidence presentation technologies, the Northern District of Illinois is able to provide new equipment and presentation capabilities in many of its existing and newly redesigned courtrooms, which allows lawyers to present and display many types of evidence and testimony to the judge and jury in clearer and more comprehensible ways.

The systems rely on the integration of video and digital display technology to give the trial attorney the capability of: (1) visually emphasizing critical physical evidence on display monitors in front of the judge and jury; (2) displaying video evidence through a video cassette recorder or DVD player with freeze frame capabilities; (3) allowing a witness or counsel to demonstrate or annotate situations or scenarios using a light pen directly on a monitor; (4) conducting live video presentations of witnesses who cannot be physically present for a trial or hearing; and (5) creating slide show presentations to enhance arguments.

Finally, Plaintiff Williams adopts Defendant's arguments that the Northern District of Illinois has the most favorable docket conditions and significant experience in managing multidistrict litigation related to mortgage lending. Def. Mem. at 12. These factors along with Plaintiff William's arguments above, demonstrate that the Northern District of Illinois is the best location and more than capable to accept this litigation.

III.   CONCLUSION

For the foregoing reasons, Plaintiff Williams respectfully submits that the Northern

District of Illinois is the most appropriate forum for the coordination of the related actions.

Dated: January 28, 2008

Respectfully submitted,

SCHIFFRIN BARROWAY
   TOPAZ & KESSLER, LLP

*(signature)*

Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
Joseph A. Weeden
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**ROBERT D. ALLISON & ASSOCIATES**
Robert D. Allison, I.D. #36749
Bruce C. Howard
Steven P. Schneck
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
Telephone: (312) 427-7600
Facsimile: (312) 427-1850

*Attorneys for Judy Williams*

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

In re Wells Fargo Mortgage Lending Practices Litigation | MDL Docket No. 1930

### CERTIFICATE OF SERVICE

I hereby certify that on Monday, January 28, 2008, a true and correct copy of the foregoing Memorandum of Judy Williams in Response to Defendant Wells Fargo Bank, N.A.'s Motion under 28 U.S.C. § 1407 to Transfer for Consolidated and Coordinated Pretrial Proceedings was served by first class mail, postage prepaid, upon the following counsel:

David Z. Smith, Esq.
Reed Smith Sachnoff & Weaver
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
*Attorney for Defendant Wells Fargo Bank, N.A.*

Robert D. Phillips, Jr., Esq.
Reed Smith, LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
*Attorney for Defendant Wells Fargo Bank, N.A.*

Shawn Williams, Esq.
Lerach Coughlin Stoia Geller Rduman & Robbins, LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
*Attorneys for Plaintiffs Nancy and John Jeffries*

Samuel Rudman, Esq.
Robert Rudman, Esq.
Mark Reich, Esq.
Lerach Coughlin Stoia Geller Rduman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747
*Attorneys for Plaintiffs Nancy and John Jeffries*

Gary Klein, Esq.
Shennan Kavanagh, Esq.
Gillian Feiner, Esq.
Roddy, Klein & Ryan
727 Atlantic Avenue
Boston, MA 02111
*Attorneys for Plaintiffs Nancy and John Jeffries*

Marvin Miller, Esq.
Matthew Vantine, Esq.
Lori Fanning, Esq.
Miller Law, LLC
115 South LaSalle Street, Suite 29810
Chicago, IL 60603
*Attorneys for Plaintiffs Nancy and John Jeffries*

Thomas Sobol, Esq.
Gregory Matthews, Esq.
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Boston, MA 02142
*Attorneys for Plaintiffs Nancy and John Jeffries*

Agent for Service of Process
Mortgage Direct, Inc.
360 W. Butterfield Road, Suite 320
Elmhurst, IL 60126

Andrew Friedman, Esq.
Wendy Harrison, Esq.
Bonnet, Fairbourn, Friedman and Balint, PC
2901 North Central Avenue, Suite 1000
Phoenix, AZ 85012
*Attorneys for Plaintiffs Gilbert and Tracy Ventura*

Mark Chavez, Esq.
Nance Becker, Esq.
Chavez & Gertler, LLP
42 Miller Avenue
Mill Valley, CA 94941
*Attorneys for Plaintiffs Gilbert and Tracy Ventura*

Theodore Joseph Pintar, Esq.
Coughlin Stoia Geller Rudman & Robbins, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
*Attorneys for Plaintiffs Gilbert and Tracy Ventura*

Timothy Dillon, Esq.
361 Forst Avenue, Suite 205
Laguna Beach, CA 92651
*Attorneys for Plaintiffs Juan and Josefina Rodriguez*

_____
Edward W. Ciolko