# EXHIBIT B

1  Timothy P. Dillon (CSB No. 123953)
2  LAW OFFICES OF
   TIMOTHY P. DILLON
3  361 Forest Avenue, Suite 205
4  Laguna Beach, California 92651
   (949) 376-2800
5  (949) 376-2808 Facsimile
6  timothy@dillonlaw.net

7  Attorneys for Plaintiffs
8  Juan Rodriguez and Josefina Rodriguez

9
10
11            UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA
13                  WESTERN DIVISION
14

15 | JUAN RODRIGUEZ and JOSEFINA     | Case No. CV 07-06780 CAS(AJWx)
16 | RODRIGUEZ, individually, and on the | Honorable Christina A. Snyder
   | class of all others similarly situated, |
17 |                                  | **NOTICE OF MOTION AND**
18 |              Plaintiffs,         | **MOTION TO DISMISS**
   |                                  | **PURSUANT TO FED. R. CIV. P.**
19 |         v.                       | **41(a)(2); MEMORANDUM OF**
20 |                                  | **POINTS AND AUTHORITIES IN**
   | WELLS FARGO BANK, N.A.,          | **SUPPORT THEREOF**
21 |                                  |
22 |              Defendant.          | Date : April 21, 2008
   |                                  | Time : 10:00 a.m.
23 |                                  | Place : Courtroom 5

24
25
26
27
28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 21, 2008 at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 5 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California, before the Honorable Christina A. Snyder, United States District Court Judge, Plaintiffs, in accordance with Federal Rules of Civil Procedures 41(a)(2), will and do hereby move for the voluntary dismissal of this action without prejudice.

In deference to the actions pending and already consolidated in the Northern District of California, where Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is headquartered, Plaintiffs in this action seek to dismiss this action without prejudice. The claims of Plaintiffs can be effectively litigated in the Northern District of California and Wells Fargo will not be prejudiced in any way by the dismissal of this action without prejudice.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on March 14, 2008.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, and all of the pleadings and records on file in this action and such further, and other evidence as may be presented at or before the hearing of this motion.

Respectfully submitted,

Date: March 19, 2008

LAW OFFICES OF TIMOTHY P. DILLON

By: _____
Timothy P. Dillon
Attorneys for Plaintiffs Juan Rodriguez and Josefina Rodriguez

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Juan Rodriguez and Josefina Rodriguez respectfully request dismissal of this action without prejudice. Federal Rules of Civil Procedure 41(a) governs the voluntary dismissal of actions by a plaintiffs. Rule 41(a)(1)(A)(i) permits a unilateral voluntary dismissal by the plaintiff "before the opposing party serves either an answer or a motion for summary judgment." However, as Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has served an answer in this action, Plaintiffs seek dismissal of this action pursuant to Rule 41(a)(2), which permits dismissal of an action at the plaintiff's request, pursuant to an order of the court. *See, e.g., Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007); *Chavez v. Ill. State Police*, 251 F.3d 612, 654 (7th Cir. 2001).

Rule 41(a)(2) provides the Court with broad discretion to grant the dismissal of this action at Plaintiffs' request. *See e.g., Hamilton v. Firestone Tire & Rubber Company, Inc.* 679 F.2d 143, 145 (9th Cir. 1982) ("The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion."); *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980) ("The express language of the rule makes it clear that the determination of whether to grant a motion for voluntary dismissal rests within the sound discretion of the district court."); *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) ("The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)").

Further, a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) should be granted unless the defendant will suffer clear legal prejudice. *See Hamilton v. Firestone Tire, supra*, 679 F.3d at 145; *United States of America v. OutBoard*

1 *Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986) (the Court abuses its discretion
2 only when it can be established that the Defendant will suffer "plain legal
3 prejudice" as a result of the dismissal of the Plaintiffs' litigation).
4   Even the mere prospect of subsequent litigation is insufficient for denial of a
5 plaintiff's Rule 41(a)(2) motion. *See Hamilton v. Firestone Tire, supra*, 679 F.2d
6 at 145 ("Plain legal prejudice, however, does not result simply when defendant
7 faces the prospect of a second lawsuit or when plaintiff merely gains some tactical
8 advantage."); *Pontenberg, supra*, 252 F.3d at 1255 (quoting *McCants v. Ford
9 Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (court affirmed the district
10 court's decision to dismiss the case without prejudice)); *See also In re Vale*, 180
11 B.R. 1017, 1023 (N.D. Ind. 1994).
12 II.   BACKGROUND
13   On October 18, 2007, Plaintiffs Juan Rodriguez and Josefina Rodriguez filed
14 this action against Defendant Wells Fargo. This action alleges violations of the
15 Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Equal Credit Opportunity Act, 15
16 U.S.C. § 1691, *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982 *et seq.*
17 Specifically, Plaintiffs assert that Defendant Wells Fargo has violated those
18 statutes by, *inter alia*, having an established pattern and practice of discriminating
19 against minority mortgage borrowers, including Plaintiffs and the putative class, on
20 the basis of their race in the financing of residential home purchases by giving
21 them mortgages with less favorable and more expensive terms than it gave to
22 similarly situated non-minority borrowers.
23   Juan Rodriguez and Josefina Rodriguez, residents of the County of Los
24 Angeles, filed their action in the Central District of California. Pursuant to 28
25 U.S.C. § 1391(b), venue was and is appropriate in the Central District of California
26 because (a) Wells Fargo resides in this district and this division; (b) a substantial
27 part of the events or omissions giving rise to Plaintiffs' claims occurred in this
28

1  district and this division; and (c) a substantial part of property that is the subject of
2  this action is situated in this district and this division.
3        On January 3, 2008, Wells Fargo filed a motion before the Judicial Panel on
4  Multidistrict Litigation (the "MDL Motion") requesting transfer for consolidation
5  and coordination of similar putative class actions pending in federal district courts
6  against Wells Fargo to a single transferee district. On March 6, 2008, in this
7  action, Wells Fargo filed an answer to the Plaintiffs' complaint. Subsequently,
8  based on the stipulation of the parties in light of Defendant's MDL Motion, by
9  order dated March 14, 2008, this Court continued the scheduling conference in this
10 action until May 19, 2008.
11 III.   SIMILAR ACTIONS ARE PENDING IN THE NORTHERN DISTRICT
12       OF CALIFORNIA
13       Wells Fargo's MDL Motion is currently pending. In short, at least five
14 federal class action lawsuits challenging Wells Fargo's alleged discriminatory
15 lending practices are pending in three federal district courts. In addition to this
16 action, three cases were pending at the time Wells Fargo filed its MDL Motion,
17 listed in order of filing:
18     1.  *Jeffries v. Wells Fargo Bank N.A.*, No. 07cv3880 (N.D. Cal. 2007);
19     2.  *Ventura v. Wells Fargo Bank, N.A.*, No. 07cv4309 (N.D. Cal. 2007);
20       and
21     3.  *Williams v. Wells Fargo Bank, N.A.*, No. 07cv6342 (N.D. Ill. 2007).
22       Subsequent to the filing of the MDL Motion, a fifth case, *Brown v. Wells
23 Fargo Bank, N.A.*, No. 08-cv0492 was filed against Wells Fargo in the Northern
24 District of California alleging the same discriminatory lending practices, along
25 with an administrative motion to relate the case to the *Jeffries* action and the
26 *Ventura* action.
27       The cases each challenge Wells Fargo's mortgage pricing policies and
28 procedures that result in minorities receiving home loans with higher fees, rates

and costs than similarly situated non-minority borrowers. The cases are each national in scope and are brought on behalf of overlapping classes.

On January 8, 2008, Judge Martin J. Jenkins of the Northern District of California entered a pre-trial order consolidating the *Jeffries* and *Ventura* actions. Further, Judge Jenkins appointed two firms to serve as Co-Lead and Liaison Interim Class Counsel.

On February 15, 2008, the *Jeffries* and *Ventura* actions were reassigned from United States District Court Judges Martin J. Jenkins to United States District Court Judge Maxine M. Chesney. The *Jeffries* action was assigned new case number C 07-03880 MMC and the *Ventura* action was assigned new case number C 07-04309 MMC. On February 21, 2008, the *Brown* action was ordered related to the *Jeffries* action and the *Ventura* action and was reassigned from United States District Court Judges Jeffrey S. White to Judge Chesney.

Thus, three actions similar to the *Rodriguez* action are currently pending in the Northern District of California before the same judge and the plaintiff in the *Brown* action pending in the Northern District of Illinois has filed a motion to dismiss that action without prejudice in deference to the actions consolidated pending against Wells Fargo in the Northern District of California.

IV.   PLAINTIFFS CLAIMS WILL BE EFFECTIVELY LITIGATED IN THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiffs have met and conferred with the Co-Lead and Interim Class Counsel appointed by Judge Jenkins and pursuant to such good faith consultations, in the interests of the putative class and the efficient and expeditious prosecution of the putative class' claims, Plaintiffs Rodriguez, through their counsel, have agreed that the most appropriate venue for this action at this time is the Northern District of California. In furtherance of the effective and zealous prosecution of this case, Plaintiffs Rodriguez, as named plaintiffs, and their undersigned counsel have agreed to work amicably with the Co-Lead and Interim Class Counsel appointed

1 | by Judge Jenkins. In the three cases are currently before Judge Chesney, a joint
2 | case management conference is scheduled for May 2, 2008.
3 | Further, the Northern District of California is an extremely appropriate forum for the effective litigation of the claims of Plaintiffs and putative class. First, Wells Fargo issues more home loans to consumers in the State of California than in any other state. Second, Defendants Wells Fargo is headquartered in San Francisco. Plaintiffs believe that "discretionary pricing policy" that resulted in minorities paying higher fees and interest rates on their home loans emanated from Wells Fargo's corporate San Francisco headquarters–therefore relevant documentation and witnesses will likely be situated there. Plaintiffs believe that it is Wells Fargo non-delegable duty to ensure that its mortgage financing structure and policies do not have a disparate impact on legally protected minority groups—regardless of where they or any of its lending subsidiaries are located.
14 | Lastly, the dismissal of this action may, effectively, moot the pending MDL Motion and thereby conserve the resources of the MDL Panel. Further, as the MDL's decision will likely obviate the need for the continued scheduling conference in this action, Defendant will suffer no prejudice by dismissal and the Court will not have expended significant resources in overseeing this litigation.
19 | Accordingly, Plaintiffs believe that consenting to the litigation of their claims in the Northern District of California will expedite resolution of their and the proposed class' claims, conserve judicial resources, serve the convenience of both parties and reduce the risk of inconsistent pretrial rulings.
23 | Thus, Plaintiffs' interests, at this time given the events that have transpired since the filing of the instant complaint, will be served—and their claims both effectively and more efficiently litigated—in the district where Wells Fargo is headquartered.

## V. WELLS FARGO WILL NOT BE PREJUDICED BY THE DISMISSAL OF THIS ACTION

As described herein, at least four similar actions are pending against Wells Fargo, three of which have already been consolidated in the Northern District of California. Regardless of whether this action proceeds, Wells Fargo must defend the claims alleged herein. As: (a) Wells Fargo is headquartered in the Northern District of California; (b) the claims alleged herein allege conduct that emanated, in part, from Wells Fargo's San Francisco headquarters; and (c) the consolidated actions in California are currently further advanced than this action, Wells Fargo will suffer no harm by the dismissal of this action. If anything, Wells Fargo will benefit by being able to litigate these claims in a more convenient forum vis-à-vis its national headquarters.

Further, Wells Fargo has accrued minimal expense with respect to this action. To date, no discovery requests have been served and no issues have been briefed. Even where there has substantial pretrial activity, the courts have still granted voluntary dismissals without prejudice. *E.g., Resorts International, Inc. v Lowenschuss*, 67 F.3d 1394, 1400-01 (9th Cir. 1995) ("At most, Lowenschuss has been inconvenienced by expending time and resources in preparing for the trial and we have held that '[t]he inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice'."); *Tyco Laboratories, Inc., supra*, 627 F.2d at 56-57 ("We cannot agree, however, that the fact that a pretrial motion for summary judgment had been filed by some of the defendants as to one of Tyco's asserted grounds for relief is equivalent to an 'imminent' resolution on the merits of the action.").

VI. **CONCLUSION**

For the foregoing reasons, Plaintiffs Juan Rodriguez and Josefina Rodriguez respectfully submit that their action be dismissed without prejudice.

Respectfully submitted,

Date: March 19, 2008

LAW OFFICES OF TIMOTHY P. DILLON

By: _____
Timothy P. Dillon
Attorneys for Plaintiffs Juan Rodriguez and Josefina Rodriguez