**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUDY WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. | CASE NO.: 07-cv-6342<br><br><br><br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FED.R. CIV. P. 41(a)(2)** |

**I.   INTRODUCTION**

Plaintiff Judy Williams seeks dismissal of this action pursuant to Rule 41(a)(2), which permits dismissal of an action at the plaintiff's request, pursuant to an order of the court. *See, e.g., Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007); *Chavez v. Ill. State Police*, 251 F.3d 612 , 654 (7th Cir. 2001).  A motion to dismiss pursuant to FED.R.CIV.P. 41(a)(2) should be granted unless the defendant will suffer clear *legal* prejudice.  *See United States of America v. OutBoard Marine Corp.,* 789 F.2d 497, 502 (7th Cir. 1986) (the Court abuses its discretion only when it can be established that the Defendant will suffer "plain legal prejudice" as a result of the dismissal of the Plaintiff's litigation).  Even the prospect of subsequent litigation is insufficient for denial of a plaintiff's Rule 41(a)(2) motion.  *See Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253 (11th Cir. 2001)(quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (court affirmed the district court's decision to dismiss the case without prejudice)); *See also, In re Vale*, 180 B.R. 1017, 1023 (N.D. Ind. 1994).

The Opposition of Defendant Wells Fargo Bank, N.A. ("Def. Opp.") to Plaintiff's Motion to Dismiss is an exercise in groundless vitriol *completely devoid* of any basis in substantive law or discussion of the practical points and jurisprudence set forth by Plaintiff in her Memorandum of Law in Support of Plaintiff's Motion to Dismiss ("Pl. Mem."). Instead of constructive legal argument, Defendant resorts to calumny, mischaracterization and empty accusation. This type of mudslinging should not be countenanced much less given any consideration by this Court.

The simple facts are this: Plaintiff Williams filed her case in the Northern District of Illinois. She has never argued that this venue is not proper. She initially believed this venue to be a good potential candidate for consolidation of analogous cases filed in the federal district courts of California. It is uncontested that she initially supported such consolidation and transfer requested in Defendant's pending motion before the Judicial Panel on Multi-District Litigation ("JPMDL").[1] Plaintiff wants to make clear that she did not make her decision to dismiss this action and withdraw support for Defendant's JPMDL motion lightly or without great deliberation.

---

[1] In addition to Plaintiff's action, three cases were pending at the time Defendant filed its MDL Motion, listed in order of filing:

1. *Jeffries v. Wells Fargo Bank N.A.*, No. 07cv3880 (N.D. Cal. 2007);

2. *Ventura v. Wells Fargo Bank, N.A.*, No. 07cv4309 (N.D. Cal. 2007); and

3. *Rodriguez v. Wells Fargo Bank, N.A.*, No. 07cv6780 (C.D. Cal. 2007).

Subsequent to the filing of the MDL Motion, a fifth case, *Brown v. Wells Fargo Bank, N.A.*, No. 08-cv0492 was filed against Wells Fargo in the Northern District of California, alleging the same discriminatory lending practices, along with an administrative motion to relate the case to *Jeffries* and *Ventura*.

But, in the interim between Plaintiff initially supporting transfer of analogous cases to this Court and the filing of her Motion to Dismiss, she has learned that a court in the Northern District of California has appointed co-lead interim counsel for a directly analogous proposed class pursuant to FED. R. CIV. P. 23(g), discovery in that case had begun, and that the majority of the nine or so plaintiffs' firms involved in the other four related actions had agreed to prosecute the cases together, supporting the leadership structure referenced above. Plaintiff Williams strongly desires to be a named plaintiff in any consolidated action and be intimately involved, with her counsel, in the prosecution of the class' claims. Therefore, as "encouraged" by the Manual for Complex Litigation (4th ed. 2004), Plaintiff and her counsel have had extensive discussions with counsel in the other Wells Fargo actions, including the two counsel named interim lead counsel for the proposed class. Such "private ordering" of related complex class cases, without the need of excessive expenditure of the Court's time, should be *applauded*, not condemned – especially when the *only* goal is to get a consolidated action moving expeditiously with all interested named plaintiffs leading the way.

For the reasons stated in her Memorandum and by the California Plaintiffs in the JPMDL proceedings, the Northern District of California is unarguably an appropriate venue for the adjudication of Plaintiff's class claims.[2] Upon dismissal, she plans to refile her own action in that district and relate it to the *Ventura* action – which has been restyled

---

[2] As further explication on the appropriateness of the Northern District of California for the prosecution of any consolidated action, Plaintiff attaches "Plaintiffs Nancy and Johnny Jeffries and Gilbert and Tracy Ventura's Supplemental Response to Motion of Wells Fargo, N.A. under 28 U.S.C. § 1407 to Transfer For Consolidated and Coordinated Pretrial Proceedings," filed with the JPMDL on March 19, 2008, as Exhibit A.

*In re: Wells Fargo Residential Mortgage Lending Discrimination Litigation* – as anticipated by the Pretrial Order No. 1 entered in that case.[3]

II.   **ARGUMENT**

"In federal practice, voluntary dismissals sought [as here] in good faith are generally granted 'unless the defendant would suffer prejudice ***other than the prospect of a second lawsuit or some tactical advantage***.'" *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D. D.C. 2000) (citing *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986) (emphasis added). In the Seventh Circuit, "factors that may be considered in examining motions to dismiss may properly include 'defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient need for the need to take a dismissal, and the fact that a motion for summary judgment" has been filed. *Tyco Labs., Inc. v. Koppers Co. Inc.*, 627 F.2d 54, 56 (7th Cir. 1980) (citing *Pace v. Southern Express Co.*, 409 F.2d. 331 (7th Cir. 1969)).[4]

*None* of these factors supports Defendant's Opposition.  No summary judgment has been filed. Indeed, only an answer has been filed (in all likelihood substantively similar to those filed in the analogous cases filed earlier in California) and a joint Initial Status Report negotiated – which will likely be utilized[5] in drafting an anticipated Case

---

[3] Attached as Exhibit B.

[4] Plaintiff notes that the Court need not resolve every factor in her favor to find that a dismissal without prejudice is warranted.  *See Tyco Labs., Inc. v. Koppers Co.,* 627 F.2d 54, 56 (7th Cir. 1980).

[5] *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1337 (Fed. Cir. 2007) (noting that it is not a "waste of resources" to grant a voluntary dismissal when work defendants engaged in the first filed action can be utilized in a subsequent action).

Management Report in a "Consolidated California Action." Defendant has expended minimal resources in defending this action and Plaintiff has filed her Motion while this litigation is in its nascent stages.[6] Plaintiff's reasoning for requesting dismissal is set out in detail in her Memorandum, and further explicated herein.

Further, it matters not that Plaintiff will re-file her case in another venue, to be consolidated with the other related actions. "The prospect of a second lawsuit . . . is insufficient to justify denying [] [P]laintiff's motion to dismiss." *Futch v. AIG, Inc.*, No. 07-cv-402-GPM, 2007 WL 1752200, *3 (S.D. Ill. June 15, 2007) (citing *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983)).

### A.    Defendant's Effort and Expense

Given the nascent stage of the instant litigation – Defendant has merely filed an answer, which it *already had* filed in two of the California cases,[7] and the parties negotiated a joint status report, which can be utilized as a basis for of an anticipated Case Management Statement in a consolidated action in the Northern District of California – there is no colorable argument to be made that Defendant will suffer *any* legal prejudice from the dismissal of the instant action, or deserve any award of costs or fees. The only real expenditure of *any unique* time and effort by Defendant has been: (1) negotiating the Joint Status Report, the substance of which can be useful in any consolidated action no matter where it is litigated and (2) in its desperate attacks on Plaintiff in it's Opposition.

---

[6] "Most denials of voluntary dismissals are justified by the fact that defendants had already filed motions for summary judgment or that the parties were on the eve of trial." *In re Vitamins Antitrust Litig,*, 198 F.R.D. 296, 305 (D. D.C. 2000) (citing as an example *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

[7] *See* docket sheets as of March 25, 2008 for the *Jeffries* and *Ventura* cases, attached as Exhibit C.

5

This Court, in light of Defendant's MDL Motion, has stayed this action and ordered that the parties return on April 29, 2008 (or possibly later, if the Panel has not yet issued its ruling). Unlike the related cases in California, no discovery has been propounded in the instant action, no protective order negotiated and filed, and only one short appearance before the Court has been made by the parties.

### B. Plaintiff More Than Adequately Supports "Need" for Dismissal

#### 1. Appropriateness of Plaintiff's Actions and Goals

Attorneys' coordination of their activities in multi-party complex litigation such as this "should be encouraged." Manual, § 10.22. Private ordering amongst potentially competing counsel, here quite numerous, is "by far the most common" approach to organizing large, complex class cases on the plaintiffs' side. *Id.* at 21.272.

Further, any implication of forum or judge shopping by Defendant is simply absurd. Plaintiff, in order to ensure her continued presence at the forefront of any consolidated action, simply followed Rule 23(g), the Manual and the realities of the related litigation and engaged in "private ordering" of a presumed consolidated action. These activities are not nefarious meetings in back rooms . . . they are blessed by the Manual and courts around the nation as efficient methods to organize and efficiently and expeditious prosecute complex cases. If the JPMDL is mooted and a consolidated action moves forward forthwith in the Northern District of California without being hindered by competing Rule 23(g) motions, that would be a *good result* for all parties and courts involved, including the JPMDL. Resources would be conserved across the board and the Court with the longest exposure to the most related suits would preside over one action.

If there were no *earlier filed*[8] *and farther progressed* analogous cases or interim lead counsel selected in another appropriate venue, Plaintiff would be thrilled to continue litigating in this Court. Indeed, even if the JPMDL motion is mooted, as noted above, nothing precludes Defendant from filing a motion to transfer the consolidated action to this district.[9] Plaintiff would never expect Defendant to certify in open court at the outset of the litigation that, as this case progresses and the facts/ruling on the ground change, that it will *never* change it's litigation positions or arguments. Plaintiff Williams, while remaining forthright and candid, likewise will always strive to represent the proposed class with appropriate zealousness and vigor.

Given the lack of any real progress in this litigation, the appropriateness of Plaintiff's filing in this district initially, and her desire to ensure her continuing participation in the prosecution of any consolidated action, her actions to date can in no way be characterized as a "perversion of the judicial process." Def. Opp. at 3 (citing *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990)). No one is "playing fast and loose with the courts." *Id.*

      **2.**    **"Judicial Estoppel" Is Wholly Inapplicable to the Instant Motion – Plaintiff Filed Motion Before Relevant Ruling on Venue by Any Court**

---

[8] Plaintiff Williams filed this action on November 8, 2007. The *Jeffries* action was filed on July 30, 2007 and the *Ventura* action on August 21, 2007.

[9] Indeed, Plaintiff is aware that this Court recently rendered a decision in a somewhat analogous action, *Newman v. Apex Fin. Group*, No. 07-cv-4475, 2008 WL 130924 (N.D. Ill. Jan. 11, 2008).

7

Despite all its protestations of harm, Defendant has not explained *in any way* what "unfair advantage" will be gained by dismissal of this action[10] or how the doctrine of "judicial estoppel" is implicated here. This is Defendant's only true "legal" argument. It fails.

Defendant's own (limited) citations undercuts its arguments. Two of the primary factors this Court would utilize in assessing whether invocation of "judicial estoppel" is appropriate are: (1) whether Plaintiff would derive an "unfair advantage" from the Court's granting of her motion and, more importantly, (2) whether this Court (or the JPMDL, for that matter) had specifically "accepted" an earlier, somehow contrary, litigating position so that the dismissal would somehow create a risk of inconsistent judicial decisions. *See New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001).

Defendant has not pointed out *any* real and tangible "unfair advantage" that would be enjoyed by Plaintiff resulting from the Court's dismissal of her claims. Nor could it. The only "harm" alleged is that Defendant might lose its JPMDL motion and have to litigate a consolidated action in their home town.[11] This can't be a serious argument. Plaintiffs in all of the cases could have appropriately filed their actions in the Northern District of California. If Defendant truly believes it will be prejudiced by litigating this case in the N.D. Cal., upon any mooting of the JPMDL motion, it can file the same briefs

---

[10] *But see Walter Kidde Portable Equip. Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1337 (Fed. Cir. 2007) (noting that it is well within a district court's authority to grant a plaintiff's motion for voluntary dismissal **even if it will give plaintiff a tactical advantage** in future litigation) (citing *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987)).

[11] Plaintiff notes that neither she, any California Plaintiff, nor Defendant disagrees that all cases subject to the JPMDL should be consolidated together in one action. The only disagreement is as to venue.

8

with Judge Chesney in support of a Motion to Transfer pursuant to 28 U.S.C. § 1404. While this will never happen given the futility of such a motion, Defendant is not estopped from bringing it if all related cases are consolidated in the Northern District of California.

More importantly, neither this Court, which has effectively stayed the instant action pending the decision of the JPMDL on Defendant's motion, or the JPMDL itself, has "accepted" Plaintiff Williams' earlier position regarding an appropriate venue for any consolidated action. No decision has been made on the issue in either forum. "Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' *United States v. C.I.T. Constr. Inc.*, 944 F.2d 253, 259 (5th Cir. 1991), and thus poses little threat to judicial integrity." *Id.* (citing, among other authority, *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999)). Plaintiff specifically withdrew her support of Defendant's JPMDL Motion on March 19, 2008, well before oral argument on the Motion was even heard (it is scheduled for March 27, 2008). No Court has "accepted" Plaintiff's early venue selection. No potentially inconsistent judicial positions have been adopted. The doctrine of judicial estoppel does not apply.

### 3. Defendant's Baseless Attacks

Plaintiff Williams is simply insulted and incensed by Defendant's unseemly and completely baseless accusations of her essentially lying to the Court. *See* Opp. at 4. Without wasting too much of the Court's time, Plaintiff challenges Defendant to point out *any* "falsehoods" in *any* of her filing. It is undeniable that Defendant's national headquarters is in the Northern District of California. Defendant cannot seriously suggest that pointing out the location of its corporate headquarters is somehow misleading; nor

can they seriously question the appropriateness of suing a corporate entity *where it is headquartered*. If Plaintiff's allegations prove meritorious, it is inconceivable that witnesses, extensive documentation and possibly additional individual defendants will not "emanate" from Wells Fargo's San Francisco base. Defendant's alleged nationwide discriminatory lending scheme, if proven, could not have been perpetrated without the planning, coordination or, at the very least, knowing acceptance of the executives charged with running the company in San Francisco.

Has Plaintiff pointed out that the company's mortgage division is located in Iowa, making the Northern District of Illinois a potentially good venue for a consolidated action? Yes. But other relevant factors regarding the efficient prosecution of Plaintiff's claims have intervened to change the relevant calculus. The practical realities of the progress of the cases filed in the Northern District of California counsel that Plaintiff and the proposed class would be best served by going forward in *another* appropriate venue.

Next, Plaintiff strenuously notes that it is Defendant, *not* Plaintiff, who has mischaracterized the litigation posture and timing of discovery in the Consolidated California Action. Despite Defendant's protestations, it is undeniable that discovery requests have been served in the Consolidated California Action, and two FED. R. CIV. P. 30(b)(6) depositions were noticed. Judge Chesney entered an Order Staying Proceedings pending the JPMDL decision on Defendant's motion to transfer *only on* **March 24, 2008**. While the Rule 30(b)(6) depositions have been taken off calendar, all parties to the Consolidated California Action indicated to Judge Chesney in the briefing of Defendant's Motion to Stay that action, that plaintiffs had given defendant a "significant extension to

respond to the discovery." Therefore, discovery was indeed propounded and *remains* outstanding.

As noted above, the Order staying the Consolidated California Action was stayed *yesterday*. It is in that Order that the court set a new date – May 2, 2008, for a renewed Case Management Conference with a date of April 25, 2008 for a new Case Management Statement. As Plaintiff noted, the parties in the *Ventura* case (which would become the Consolidated California Action) filed an initial Joint Case Management Statement/Rule 26(f) Report on **December 7, 2007**. *See* Docket for *Ventura v. Wells Fargo Bank, N.A.*, No. 3:07-cv-04309, Exhibit C. Where and how did Plaintiff ever "mislead" this Court or the JPMDL with regard to the progress of the California Consolidated Action? She has not.

### C.    Costs and Fees

Defendant's request for costs and fees are equally hollow and unsupportable, as evidenced by the cursory nature of their request. As noted above, the only real work they have done is (1) file an answer which they had done previously in earlier filed analogous cases in California and (2) negotiate an Initial Status Report that will immediately be of benefit if the cases are consolidated in the Northern District. "Where a plaintiff seeks voluntary dismissal in one forum to pursue pending litigation against the defendant in another forum, the defendant is not entitled to reimbursement for expenses incurred in preparing work product that has been or will be useful in the continuing litigation." *McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir. 1982).

As to fees, the Court, if it were to do so, "should only award those fees representing legal work that could not be used in subsequent litigation." *Spar Gas, Inc. v.*

11

*AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2 (6th Cir. 1992).  As noted, the "legal work" in this case either is derived from work done in prior filed cases or will undoubtedly be useful in expediting the prosecution of a consolidated action.

### III.   CONCLUSION

For the reasons set forth herein and in her Memorandum in Support of her Motion to Dismiss, Plaintiff Williams respectfully submits that her action be dismissed, without prejudice with each side bearing its own costs.

Dated: March 25, 2008                                      Respectfully submitted,

**SCHIFFRIN BARROWAY
 TOPAZ & KESSLER, LLP**

_____/s/ Edward W. Ciolko____
Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
Joseph A. Weeden
280 King of Prussia Road
Radnor, Pennsylvania  19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**ROBERT D. ALLISON &
ASSOCIATES**
Robert D. Allison, I.D. #36749
Bruce C. Howard
Steven P. Schneck
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
Telephone: (312) 427-7600
Facsimile: (312) 427-1850

*Attorneys for Judy Williams*