# EXHIBIT A

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In Re WELLS FARGO MORTGAGE LENDING PRACTICES | ) ) ) ) | MDL No. 1930 |

**PLAINTIFFS NANCY AND JOHNNY JEFFRIES AND GILBERT AND TRACY VENTURA'S SUPPLEMENTAL RESPONSE TO MOTION OF WELLS FARGO, N.A. UNDER 28 U.S.C. §1407 TO TRANSFER FOR CONSOLIDATED AND COORDINATED PRETRIAL PROCEEDINGS**

Plaintiffs and respondents Nancy and Johnny Jeffries (the "*Jeffries* plaintiffs") and Gilbert Ventura, Sr. and Tracy Ventura (the "*Ventura* plaintiffs") respectfully submit this Supplemental Response to the Motion by Defendant Wells Fargo ("Wells Fargo") to transfer for consolidated and coordinated pretrial proceedings. Plaintiffs submit this Supplemental Response to address relevant events that transpired after the filing of the *Jeffries* and *Ventura* plaintiffs' initial Response on January 28, 2008 (the "Response"). These recent developments further confirm that the Northern District of California -- where the earliest filed and largest number of cases are pending, and where Wells Fargo's business headquarters and senior trial counsel are located – is by far the most appropriate forum for consolidated proceedings in these related actions.

The Panel should therefore transfer the cases to the Northern District of California for coordinated proceedings or, alternatively, dismiss the transfer motion because it will be moot upon dismissal of the cases currently pending outside the Northern District of California.

## I.    With the Dismissal of *Rodriguez* and *Williams* All of the Cases Will be Pending in the Northern District of California

When the motion for transfer was initially filed, there were four related cases pending in the Northern District of California (*Jeffries* and *Ventura*), one case in the Central District of California (*Rodriguez*) and one case in the Northern District of Illinois (*Williams*). Since then, motions to dismiss have been filed in *Rodriguez* and *Williams* [1] and a new action against Wells Fargo was filed in the Northern District of California (*Brown*). All three of the cases in the Northern District of California are consolidated before a single judge, the Honorable Maxine Chesney, where a

---

[1] On March 19, 2008, Plaintiff in the *Rodriguez* action filed a motion to voluntarily dismiss the case. On March 19, 2008, Plaintiff in *Williams* filed a motion to voluntarily dismiss that action.

leadership structure of plaintiffs' counsel has been established and a comprehensive pretrial schedule is in place.[2]

Indeed, counsel for Plaintiffs in *Rodriguez* and *Williams* decided to dismiss their actions precisely because a majority of the cases are pending in the Northern District of California, Co-Lead counsel already have been appointed and the cases are proceeding under an established pretrial schedule. Copies of the motions to dismiss in *Rodriguez v. Wells Fargo Bank, N.A.*, CV07-6780 CAS (AJWx) (C.D. Ca.) *Williams v. Wells Fargo Bank, N.A.*, 07-cv-6342 (N.D. Ill.) are attached hereto as Exhibit A. Counsel for Plaintiffs in each of the pending actions agree that the Northern District of California is the most appropriate forum for the MDL proceedings and that these related actions will proceed most efficiently and expeditiously through cooperative coordination among Plaintiffs' counsel. *See*, Manual for Complex Litigation Fourth, § 10.22 at 24 ('[i]n some cases the [plaintiffs'] attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged").

With the dismissal of *Rodriquez* and *Williams*, all of the cases that are the subject of the MDL transfer motion will be pending before Judge Chesney in the Northern District of California. Accordingly, the cases should be transferred to the Northern District of California for coordinated proceedings or, alternatively, the transfer motion should be denied as unnecessary in light of the pending motions to dismiss *Rodriquez* and *Williams*, the only cases outside the Northern District of California.

---

[2] As explained below, after Judge Martin J. Jenkins was appointed to serve on the California Court of Appeals, the consolidated *Jeffries* and *Ventura* cases were reassigned to Judge Chesney and all subsequently filed related cases against Wells Fargo have been transferred to her in accordance with Pretrial Order No. 1 entered by Judge Jenkins.

2

## II.     The Northern District of California is the Center of Gravity for Pending Mortgage Lending Discrimination Cases

In addition to the three mortgage lending discrimination cases pending against Wells Fargo in the Northern District of California, there are at least five other substantially similar cases in the Northern District of California alleging comparable discrimination claims under ECOA and the FHA against major mortgage lenders.  Class action cases asserting race discrimination claims have been filed in the Northern District of California against World Savings,[3] Washington Mutual,[4] Greenpoint Mortgage,[5] IndyMac[6] and First Franklin.[7]  With the exception of the World Savings case, all of these cases were filed in the Northern District after the MDL transfer motion was filed here.

Given this concentration of mortgage lending discrimination cases alleging common claims and legal theories, the Northern District of California is clearly the geographic center of gravity of this litigation.  *In re TMJ Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (forum with closest center of gravity for the litigation is generally preferred transferee forum); *In re Natural Resources Fund, Inc. Securities Litig.*, 372 F. Supp. 1403, 1404-05 (J.P.M.L. 1974) (same).

## III.     Judge Chesney Has the Requisite Expertise and Ability to Preside Over These MDL Proceedings

By Reassignment Orders in the consolidated *Jeffries* and *Ventura* actions dated February 15, 2008 (the "Reassignment Orders"), those two actions were reassigned to Judge Maxine M. Chesney.  *See* Exhibits B and C hereto.  On February 21, 2008, a subsequent related matter entitled *Brown v.*

---

[3] *Zamora v. World Savings*

[4] *Lopez v. Washington Mutual*

[5] *Ramirez v. Greenpoint Mortgage*

[6] *Ware v. IndyMac*

[7] *Rodriguez v. First Franklin*

*Wells Fargo Bank, N.A.*, Civ. No. 08-cv-0492 (N.D. Cal.), was also transferred to Judge Chesney, as a related case. *See* Exhibit D hereto.

Judge Chesney is well-suited to oversee these MDL proceedings. Judge Chesney has more than thirty years experience as a judge and twelve years as a U.S. District Court judge. Judge Chesney routinely presides over discrimination actions,[8] and has presided over many complex class action cases.[9] Because Judge Chesney does not currently preside over any MDL proceeding, transfer of this MDL to her will not present an undue burden.

## IV.    The Consolidated Cases Pending in the Northern District of California Remain as the Most Advanced Proceedings

As noted in the Response, after holding an initial status conference in the *Jeffries* and *Ventura* actions, District Judge Martin J. Jenkins entered a Pretrial Order on Case Management on January 8, 2008, which adopted a pretrial schedule for the Consolidated Actions that had been proposed by the parties. On that same date, Judge Jenkins entered a Pre-Trial Order No. 1, which appointed plaintiffs' co-lead and liaison interim class counsel.

---

[8] *See, e.g.*, *Kalra v. Mineta*, No. C-00-2243 MMC (Title VII and Age Discrimination in Employment Act); *Veronda v. Calif. Dept. of Forestry & Fire Protection*, No. C-99-5244 MMC (Title VII); *Harvey v. Alameda County Medical Center*, No. C-02-1382 MMC (N.D. Cal.) (Section 1983); *Johnson v. Peralta Community College Dist.*, No. C-94-4255 MMC (N.D. Cal.) (Americans with Disabilities Act and Title VII).

[9] *See, e.g., In re Sorbates Direct Purchaser Antitrust Litig.*, Master File No. C 98-4886 MMC (N.D. Cal.) (price-fixing class action); *In re Veritas Software Corp. Secs. Litig.*, No. C-03-0283-MMC (N.D. Cal.) (class action alleging violations of federal securities law); *Lane v. Residential Funding Corp.*, No. 96-cv-3331 (N.D. Cal.) (class action alleging prohibited kickbacks under Real Estate Settlement Procedure Act); *Bowman v. UBS Fin. Servs.*, Case No. 3:04-cv-03525 (N.D. Cal.) (class action alleging wage and hour violations).

On reassignment, the then-scheduled second Case Management Conference in the *Jeffries* and *Ventura* actions was vacated.[10] Thereafter, on February 21 and 25, 2008, Judge Chesney issued Orders scheduling a joint Case Management Conference in the *Jeffries*, *Ventura* and *Brown* actions, on May 2, 2008, at 10:30 a.m. *See* Exhibits E, F and G hereto.

Under the Reassignment Orders, other than the aforementioned status conferences, "all scheduled matters, including discovery cut-off dates, document disclosure dates, deadline for filing pretrial documents, pretrial conference and trial date" … "remain in effect, unless otherwise ordered by the newly assigned Judge." *See* Exhibits. B and C. Wells Fargo speculates in its Reply that because of the Reassignment of the consolidated cases to Judge Chesney, "the current pretrial schedules will be abandoned." Def. Mem. at 2. The governing orders, however, state otherwise.

Thus, the consolidated actions before Judge Chesney remain as the most advanced cases that are the subject of the MDL transfer motion. A pretrial schedule is in place, the Court has appointed co-lead counsel for plaintiffs, protective orders for the orderly advancement of discovery have been entered, Wells Fargo has answered the complaint and comprehensive discovery requests have been served and are outstanding. By contrast, there has been no activity of any kind in the other two actions against Wells Fargo, nor will there be in light of the pending motions for voluntary dismissal.

### V.    Conclusion

Based on the foregoing and for the reasons set forth in the Response, the Panel should transfer all of the subject actions  to Judge Chesney in the Northern of California for coordinated proceedings with the already-consolidated *Jeffries, Ventura* and *Brown* actions. With the greatest number, earliest filed and most advanced actions pending in the Northern District of California, Wells Fargo's headquarters and primary counsel there and the only other two actions poised for

---

[10]  Pursuant to Judge Jenkins' Pretrial Order on Case Management, a continued Case Management Conference in *Jeffries* and *Ventura* was to be held before Judge Jenkins on February 26, 2008.

dismissal, the Northern District of California is the most convenient, efficient and appropriate location for these MDL proceedings. Alternatively, because the only two actions pending outside the Northern District of California are in the process of being dismissed, the Panel may elect to simply deny the Petition as unnecessary.

DATED: March 19, 2008                    Respectfully submitted,

                                         BONNETT, FAIRBOURN, FRIEDMAN
                                           & BALINT, P.C.
                                         ANDREW S. FRIEDMAN
                                         WENDY J. HARRISON

                                         _____
                                         2901 N. Central Avenue, Suite 1000
                                         Phoenix, AZ  85012
                                         Telephone:  602/274-1100
                                         602/274-1199 (fax)

                                         COUGHLIN STOIA GELLER
                                           RUDMAN & ROBBINS LLP
                                         JOHN J. STOIA, JR.
                                         THEODORE J. PINTAR
                                         LESLIE E. HURST
                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)

                                         COUGHLIN STOIA GELLER
                                           RUDMAN & ROBBINS LLP
                                         SHAWN A. WILLIAMS
                                         100 Pine Street, 26th Floor
                                         San Francisco, CA  94111
                                         Telephone:  415/288-4545
                                         415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

RODDY KLEIN & RYAN
GARY KLEIN
SHENNAN KAVANAGH
GILLIAN FEINER
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: 617/357-5500
617/357-5030 (fax)

MILLER LAW LLC
MARVIN A. MILLER
MATTHEW E. VANTINE
LORI A. FANNING
115 South Lasalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

HAGENS BERMAN SOBOL SHAPIRO LLP
THOMAS M. SOBOL
GREGORY MATTHEWS
One Main Street, 4th Floor
Boston, MA 02142
Telephone: 617/475-1950
617/482-3003 (fax)

CHAVEZ & GERTLER, L.L.P.
MARK A. CHAVEZ
42 Miller Avenue
Mill Valley, CA 94941
Telephone: 415/381-5599

# EXHIBIT A

1  Timothy P. Dillon (CSB No. 123953)
2  LAW OFFICES OF
   TIMOTHY P. DILLON
3  361 Forest Avenue, Suite 205
4  Laguna Beach, California 92651
   (949) 376-2800
5  (949) 376-2808 Facsimile
6  timothy@dillonlaw.net

7  Attorneys for Plaintiffs
8  Juan Rodriguez and Josefina Rodriguez

9

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

15  JUAN RODRIGUEZ and JOSEFINA         Case No. CV 07-06780 CAS(AJWx)
16  RODRIGUEZ, individually, and on the    Honorable Christina A. Snyder
    class of all others similarly situated,
17                                          **NOTICE OF MOTION AND**
                                            **MOTION TO DISMISS**
18              Plaintiffs,                 **PURSUANT TO FED. R. CIV. P.**
                                            **41(a)(2); MEMORANDUM OF**
19        v.                                **POINTS AND AUTHORITIES IN**
                                            **SUPPORT THEREOF**
20
    WELLS FARGO BANK, N.A.,
21                                          Date :   April 21, 2008
22              Defendant.                  Time :   10:00 a.m.
                                            Place :  Courtroom 5
23

24

25

26

27

28

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on April 21, 2008 at 10:00 a.m., or as soon

3  thereafter as the matter can be heard, in Courtroom 5 of the above-entitled Court,

4  located at 312 North Spring Street, Los Angeles, California, before the Honorable

5  Christina A. Snyder, United States District Court Judge, Plaintiffs, in accordance

6  with Federal Rules of Civil Procedures 41(a)(2), will and do hereby move for the

7  voluntary dismissal of this action without prejudice.

8  In deference to the actions pending and already consolidated in the Northern

9  District of California, where Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is

10  headquartered, Plaintiffs in this action seek to dismiss this action without

11  prejudice. The claims of Plaintiffs can be effectively litigated in the Northern

12  District of California and Wells Fargo will not be prejudiced in any way by the

13  dismissal of this action without prejudice.

14  This motion is made following the conference of counsel pursuant to Local

15  Rule 7-3 which took place on March 14, 2008.

16  This motion is based upon this notice of motion and motion, the

17  accompanying memorandum of points and authorities, and all of the pleadings and

18  records on file in this action and such further, and other evidence as may be

19  presented at or before the hearing of this motion.

20

21  Respectfully submitted,

22  Date: March 19, 2008          LAW OFFICES OF TIMOTHY P. DILLON

23                                By: _____

24                                     Timothy P. Dillon

25                                Attorneys for Plaintiffs Juan Rodriguez and
                                  Josefina Rodriguez

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

Plaintiffs Juan Rodriguez and Josefina Rodriguez respectfully request dismissal of this action without prejudice. Federal Rules of Civil Procedure 41(a) governs the voluntary dismissal of actions by a plaintiffs. Rule 41(a)(1)(A)(i) permits a unilateral voluntary dismissal by the plaintiff "before the opposing party serves either an answer or a motion for summary judgment." However, as Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has served an answer in this action, Plaintiffs seek dismissal of this action pursuant to Rule 41(a)(2), which permits dismissal of an action at the plaintiff's request, pursuant to an order of the court. *See, e.g., Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007); *Chavez v. Ill. State Police*, 251 F.3d 612 , 654 (7th Cir. 2001).

Rule 41(a)(2) provides the Court with broad discretion to grant the dismissal of this action at Plaintiffs' request. *See e.g., Hamilton v. Firestone Tire & Rubber Company, Inc.* 679 F.2d 143, 145 (9th Cir. 1982) ("The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion."); *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980) ("The express language of the rule makes it clear that the determination of whether to grant a motion for voluntary dismissal rests within the sound discretion of the district court."); *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) ("The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)").

Further, a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) should be granted unless the defendant will suffer clear legal prejudice. *See Hamilton v. Firestone Tire, supra,* 679 F.3d at 145; *United States of America v. OutBoard*

1

1  *Marine Corp.,* 789 F.2d 497, 502 (7th Cir. 1986) (the Court abuses its discretion
2  only when it can be established that the Defendant will suffer "plain legal
3  prejudice" as a result of the dismissal of the Plaintiffs' litigation).

4        Even the mere prospect of subsequent litigation is insufficient for denial of a
5  plaintiff's Rule 41(a)(2) motion. *See Hamilton v. Firestone Tire, supra,* 679 F.2d
6  at 145 ("Plain legal prejudice, however, does not result simply when defendant
7  faces the prospect of a second lawsuit or when plaintiff merely gains some tactical
8  advantage."); *Pontenberg, supra,* 252 F.3d at 1255 (quoting *McCants v. Ford*
9  *Motor Co., Inc.,* 781 F.2d 855, 856-57 (11th Cir. 1986) (court affirmed the district
10  court's decision to dismiss the case without prejudice)); *See also In re Vale,* 180
11  B.R. 1017, 1023 (N.D. Ind. 1994).

12  II.    BACKGROUND

13        On October 18, 2007, Plaintiffs Juan Rodriguez and Josefina Rodriguez filed
14  this action against Defendant Wells Fargo. This action alleges violations of the
15  Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Equal Credit Opportunity Act, 15
16  U.S.C. § 1691, *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982 *et seq.*
17  Specifically, Plaintiffs assert that Defendant Wells Fargo has violated those
18  statutes by, *inter alia*, having an established pattern and practice of discriminating
19  against minority mortgage borrowers, including Plaintiffs and the putative class, on
20  the basis of their race in the financing of residential home purchases by giving
21  them mortgages with less favorable and more expensive terms than it gave to
22  similarly situated non-minority borrowers.

23       Juan Rodriguez and Josefina Rodriguez, residents of the County of Los
24  Angeles, filed their action in the Central District of California. Pursuant to 28
25  U.S.C. § 1391(b), venue was and is appropriate in the Central District of California
26  because (a) Wells Fargo resides in this district and this division; (b) a substantial
27  part of the events or omissions giving rise to Plaintiffs' claims occurred in this

28

1  district and this division; and (c) a substantial part of property that is the subject of

2  this action is situated in this district and this division.

3      On January 3, 2008, Wells Fargo filed a motion before the Judicial Panel on

4  Multidistrict Litigation (the "MDL Motion") requesting transfer for consolidation

5  and coordination of similar putative class actions pending in federal district courts

6  against Wells Fargo to a single transferee district.  On March 6, 2008, in this

7  action, Wells Fargo filed an answer to the Plaintiffs' complaint.  Subsequently,

8  based on the stipulation of the parties in light of Defendant's MDL Motion, by

9  order dated March 14, 2008, this Court continued the scheduling conference in this

10  action until May 19, 2008.

11  III.    SIMILAR ACTIONS ARE PENDING IN THE NORTHERN DISTRICT

12          OF CALIFORNIA

13      Wells Fargo's MDL Motion is currently pending.  In short, at least five

14  federal class action lawsuits challenging Wells Fargo's alleged discriminatory

15  lending practices are pending in three federal district courts.  In addition to this

16  action, three cases were pending at the time Wells Fargo filed its MDL Motion,

17  listed in order of filing:

18      1.    *Jeffries v. Wells Fargo Bank N.A.*, No. 07cv3880 (N.D. Cal. 2007);

19      2.    *Ventura v. Wells Fargo Bank, N.A.*, No. 07cv4309 (N.D. Cal. 2007);

20          and

21      3.    *Williams v. Wells Fargo Bank, N.A.,* No. 07cv6342 (N.D. Ill. 2007).

22      Subsequent to the filing of the MDL Motion, a fifth case, *Brown v. Wells*

23  *Fargo Bank, N.A.*, No. 08-cv0492 was filed against Wells Fargo in the Northern

24  District of California alleging the same discriminatory lending practices, along

25  with an administrative motion to relate the case to the *Jeffries* action and the

26  *Ventura* action.

27      The cases each challenge Wells Fargo's mortgage pricing policies and

28  procedures that result in minorities receiving home loans with higher fees, rates

3

1  and costs than similarly situated non-minority borrowers. The cases are each
2  national in scope and are brought on behalf of overlapping classes.

3      On January 8, 2008, Judge Martin J. Jenkins of the Northern District of
4  California entered a pre-trial order consolidating the *Jeffries* and *Ventura* actions.
5  Further, Judge Jenkins appointed two firms to serve as Co-Lead and Liaison
6  Interim Class Counsel.

7      On February 15, 2008, the *Jeffries* and *Ventura* actions were reassigned from
8  United States District Court Judges Martin J. Jenkins to United States District
9  Court Judge Maxine M. Chesney. The *Jeffries* action was assigned new case
10  number C 07-03880 MMC and the *Ventura* action was assigned new case number
11  C 07-04309 MMC. On February 21, 2008, the *Brown* action was ordered related
12  to the *Jeffries* action and the *Ventura* action and was reassigned from United States
13  District Court Judges Jeffrey S. White to Judge Chesney.

14      Thus, three actions similar to the *Rodriguez* action are currently pending in
15  the Northern District of California before the same judge and the plaintiff in the
16  *Brown* action pending in the Northern District of Illinois has filed a motion to
17  dismiss that action without prejudice in deference to the actions consolidated
18  pending against Wells Fargo in the Northern District of California.

19  IV.    PLAINTIFFS CLAIMS WILL BE EFFECTIVELY LITIGATED IN THE
20         NORTHERN DISTRICT OF CALIFORNIA

21      Plaintiffs have met and conferred with the Co-Lead and Interim Class
22  Counsel appointed by Judge Jenkins and pursuant to such good faith consultations,
23  in the interests of the putative class and the efficient and expeditious prosecution of
24  the putative class' claims, Plaintiffs Rodriguez, through their counsel, have agreed
25  that the most appropriate venue for this action at this time is the Northern District
26  of California. In furtherance of the effective and zealous prosecution of this case,
27  Plaintiffs Rodriguez, as named plaintiffs, and their undersigned counsel have
28  agreed to work amicably with the Co-Lead and Interim Class Counsel appointed

1    by Judge Jenkins. In the three cases are currently before Judge Chesney, a joint
2    case management conference is scheduled for May 2, 2008.

3         Further, the Northern District of California is an extremely appropriate
4    forum for the effective litigation of the claims of Plaintiffs and putative class.
5    First, Wells Fargo issues more home loans to consumers in the State of California
6    than in any other state. Second, Defendants Wells Fargo is headquartered in San
7    Francisco. Plaintiffs believe that "discretionary pricing policy" that resulted in
8    minorities paying higher fees and interest rates on their home loans emanated from
9    Wells Fargo's corporate San Francisco headquarters—therefore relevant
10   documentation and witnesses will likely be situated there. Plaintiffs believe that it
11   is Wells Fargo non-delegable duty to ensure that its mortgage financing structure
12   and policies do not have a disparate impact on legally protected minority groups—
13   regardless of where they or any of its lending subsidiaries are located.

14       Lastly, the dismissal of this action may, effectively, moot the pending MDL
15   Motion and thereby conserve the resources of the MDL Panel. Further, as the
16   MDL's decision will likely obviate the need for the continued scheduling
17   conference in this action, Defendant will suffer no prejudice by dismissal and the
18   Court will not have expended significant resources in overseeing this litigation.

19       Accordingly, Plaintiffs believe that consenting to the litigation of their
20   claims in the Northern District of California will expedite resolution of their and
21   the proposed class' claims, conserve judicial resources, serve the convenience of
22   both parties and reduce the risk of inconsistent pretrial rulings.

23       Thus, Plaintiffs' interests, at this time given the events that have transpired
24   since the filing of the instant complaint, will be served—and their claims both
25   effectively and more efficiently litigated—in the district where Wells Fargo is
26   headquartered.

27

28

V.   WELLS FARGO WILL NOT BE PREJUDICED BY THE DISMISSAL OF
     THIS ACTION

As described herein, at least four similar actions are pending against Wells Fargo, three of which have already been consolidated in the Northern District of California. Regardless of whether this action proceeds, Wells Fargo must defend the claims alleged herein. As: (a) Wells Fargo is headquartered in the Northern District of California; (b) the claims alleged herein allege conduct that emanated, in part, from Wells Fargo's San Francisco headquarters; and (c) the consolidated actions in California are currently further advanced than this action, Wells Fargo will suffer no harm by the dismissal of this action. If anything, Wells Fargo will benefit by being able to litigate these claims in a more convenient forum vis-à-vis its national headquarters.

Further, Wells Fargo has accrued minimal expense with respect to this action. To date, no discovery requests have been served and no issues have been briefed. Even where there has substantial pretrial activity, the courts have still granted voluntary dismissals without prejudice. *E.g.*, *Resorts International, Inc. v Lowenschuss*, 67 F.3d 1394, 1400-01 (9th Cir. 1995) ("At most, Lowenschuss has been inconvenienced by expending time and resources in preparing for the trial and we have held that '[t]he inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice'."); *Tyco Laboratories, Inc., supra,* 627 F.2d at 56-57 ("We cannot agree, however, that the fact that a pretrial motion for summary judgment had been filed by some of the defendants as to one of Tyco's asserted grounds for relief is equivalent to an 'imminent' resolution on the merits of the action.").

1    VI.    CONCLUSION

2          For the foregoing reasons, Plaintiffs Juan Rodriguez and Josefina Rodriguez

3    respectfully submit that their action be dismissed without prejudice.

4

5                                    Respectfully submitted,

6    Date:  March 19, 2008           LAW OFFICES OF TIMOTHY P. DILLON

7                                    By: _____

8                                         Timothy P. Dillon
                                     Attorneys for Plaintiffs Juan Rodriguez and
9                                    Josefina Rodriguez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| JUDY WILLIAMS, individually and on behalf of all others similarly situated, | CASE NO.: 07-cv-6342 |
| Plaintiff, |  |
| v. | **PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FED.R. CIV. P. 41(a)(2)** |
| WELLS FARGO BANK, N.A. |  |
| Defendant. |  |

For the reasons set forth in the attached memorandum, Plaintiff Judy Williams hereby moves the Court, pursuant to Fed. R. Civ. P. 41(a)(2), for an order granting Plaintiff's request to voluntarily dismiss this action without prejudice.

Dated: March 19, 2008

Respectfully submitted,

**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**


_____*/s/ Edward W. Ciolko*_____
Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
Joseph A. Weeden
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**ROBERT D. ALLISON &**
**ASSOCIATES**
Robert D. Allison, I.D. #36749
Bruce C. Howard
Steven P. Schneck
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
Telephone: (312) 427-7600
Facsimile: (312) 427-1850

*Attorneys for Judy Williams*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUDY WILLIAMS, individually and on behalf of all others similarly situated, | CASE NO.: 07-cv-6342 |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FED.R. CIV. P. 41(a)(2)** |
| WELLS FARGO BANK, N.A. | |
| Defendant. | |

## I.    Introduction

For the reasons outlined herein, Plaintiff Judy Williams respectfully requests dismissal of this action, without prejudice. Fed. R. Civ. P. 41(a) governs the voluntary dismissal of actions by a plaintiff. Rule 41(a)(1)(A)(i) permits a unilateral voluntary dismissal by the plaintiff "before the opposing party serves either an answer or a motion for summary judgment." However, as Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has served an answer in this action, Plaintiff seeks dismissal of this action pursuant to Rule 41(a)(2), which permits dismissal of an action at the plaintiff's request, pursuant to an order of the court. *See, e.g., Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007); *Chavez v. Ill. State Police*, 251 F.3d 612 , 654 (7th Cir. 2001).

Rule 41(a)(2) provides the court with broad discretion to grant the dismissal of this action at Plaintiff Williams' request. *See Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980) ("The express language of the rule makes it clear

that the determination of whether to grant a motion for voluntary dismissal rests within the sound discretion of the district court"); *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253 (11th Cir. 2001) ("The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)").

Further, a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) should be granted unless the defendant will suffer clear legal prejudice. *See United States of America v. OutBoard Marine Corp.,* 789 F.2d 497, 502 (7th Cir. 1986) (the Court abuses its discretion only when it can be established that the Defendant will suffer "plain legal prejudice" as a result of the dismissal of the Plaintiff's litigation). Even the mere prospect of subsequent litigation is insufficient for denial of a plaintiff's Rule 41(a)(2) motion. *See Pontenberg*, 252 F.3d 1253 (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (court affirmed the district court's decision to dismiss the case without prejudice)); See also *In re Vale*, 180 B.R. 1017, 1023 (N.D. Ind. 1994).

## II.    Background on the Williams Action

On November 8, 2007, Plaintiff Judy Williams filed this action (the "Williams Action") against Wells Fargo. The Williams Action alleges violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982 *et seq.* Specifically, Williams asserts that Wells Fargo has violated those statutes by, *inter alia*, having an established pattern and practice of discriminating against minority mortgage borrowers, including Williams and the putative class, on the basis of their race in the financing of residential home purchases by giving them mortgages with less favorable terms than it gave to similarly situated non-minority borrowers.

Williams, a resident of Chicago, filed her action in the Northern District of Illinois. Pursuant to 28 U.S.C. § 1391(b), venue was and is appropriate in the Northern District of Illinois because (a) Wells Fargo resides in this district and this division, (b) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and this division, and (c) a substantial part of property that is the subject of this action is situated in this district and this division.

On January 3, 2008, Wells Fargo filed a motion before the Judicial Panel on Multidistrict Litigation (the "MDL Motion") requesting transfer for consolidation and coordination of similar putative class actions pending in federal district courts against Wells Fargo to a single transferee district. Wells Fargo filed an answer to the Plaintiff Williams' complaint on January 4, 2008. Subsequently, the parties to the Williams action appeared before the Court for a status conference on January 16, 2008. At the status conference, the Court, in light of Defendant's MDL Motion, ordered that the parties return on April 29, 2008 (or possibly later, if the Panel has not yet issued its ruling).

## III.    Similar Actions are Pending in California

Wells Fargo's MDL Motion is currently pending. In short, at least five federal class action lawsuits challenging Wells Fargo's alleged discriminatory lending practices are pending in three federal district courts. In addition to the Williams action, three cases were pending at the time Wells Fargo filed its MDL Motion, listed in order of filing:

1.    *Jeffries v. Wells Fargo Bank N.A.*, No. 07cv3880 (N.D. Cal. 2007);

2.    *Ventura v. Wells Fargo Bank, N.A.*, No. 07cv4309 (N.D. Cal. 2007); and

3.    *Rodriguez v. Wells Fargo Bank, N.A.*, No. 07cv6780 (C.D. Cal. 2007).

Subsequent to the filing of the MDL Motion, a fifth case, *Brown v. Wells Fargo Bank, N.A.*, No. 08-cv0492 was filed against Wells Fargo in the Northern District of

California, alleging the same discriminatory lending practices, along with an administrative motion to relate the case to *Jeffries* and *Ventura*.

The cases each challenge Wells Fargo's mortgage pricing policies and procedures that result in minorities receiving home loans with higher fees, rates and costs than similarly situated non-minority borrowers. The cases are each national in scope and are brought on behalf of overlapping classes.

On January 8, 2008, Judge Martin J. Jenkins of the Northern District of California entered a pre-trial order consolidating *Jeffries* and *Ventura*. Further, Judge Jenkins appointed two firms to serve as Co-Lead and Liaison Interim Class Counsel, as further described in the order, a copy of which is attached hereto as Exhibit A.

On February 15, 2008, *Jeffries* and *Ventura* were reassigned from United States District Court Judges Martin J. Jenkins to United States District Court Judge Maxine M. Chesney. *Jeffries* was assigned new case number C 07-03880 MMC and *Ventura* was assigned new case number C 07-04309 MMC. On February 21, 2008, *Brown* was ordered related to *Jeffries* and *Ventura* and was reassigned from United States District Court Judges Jeffrey S. White to Judge Chesney. *See* Exhibit B attached hereto.

On reassignment, the then-scheduled second Case Management Conference in the *Jeffries* and *Ventura* actions was vacated.[1] Thereafter, on February 21 and 25, 2008, Judge Chesney issued Orders scheduling a joint Case Management Conference in the *Jeffries*, *Ventura* and *Brown* actions, on May 2, 2008, at 10:30 a.m. *See* Exhibits C, D and E attached hereto.

---

[1]   Pursuant to Judge Jenkins' Pretrial Order on Case Management, a continued Case Management Conference in *Jeffries* and *Ventura* was to be held before Judge Jenkins on February 26, 2008.

4

With respect to the consolidated actions before Judge Chesney, a pretrial schedule is in place, the court has appointed co-lead counsel for plaintiffs, protective orders for the orderly advancement of discovery have been entered and comprehensive discovery requests have been served and are outstanding.

Thus, the three similar actions in the Northern District of California are currently in a more advanced stage of litigation than the Williams action.

## IV.    Plaintiff Williams' Claims Will be Effectively Litigated in the Northern District of California

Plaintiff Judy Williams, through counsel, has met and conferred with the Co-Lead and Interim Class Counsel appointed by Judge Jenkins and pursuant to such good faith consultations, in the interests of the putative class and the efficient and expeditious prosecution of the putative class' claims, Plaintiff Williams, through counsel, has agreed that the most appropriate venue for this action at this time is the Northern District of California.  In furtherance of the effective and zealous prosecution of this case, Plaintiff Williams, as a named plaintiff, and her undersigned counsel have agreed to labor amicably with the Co-Lead and Interim Class Counsel appointed by Judge Jenkins.

Further, the Northern District of California is unarguably an appropriate forum for the effective litigation of the claims of Plaintiff Williams and putative class.  First, Wells Fargo issues more home loans to consumers in the State of California than in any other state.   Second, Wells Fargo is headquartered in San Francisco.   Plaintiff Williams believes that the "discretionary pricing policies" that resulted in minorities paying higher fees and interest rates on their home loans emanated from Wells Fargo's corporate San Francisco headquarters – therefore relevant documentation and witnesses will likely be situated there, as well as in Chicago, Illinois.  Plaintiff believes that it is Wells Fargo non-

delegable duty to ensure that its mortgage financing structure and policies do not have a disparate impact on legally protected minority groups—regardless of where they or any of its lending subsidiaries are located.

Lastly, the dismissal of this action will, essentially, moot the pending MDL Motion and, accordingly, conserve the resources of the MDL Panel. As this Court was awaiting the MDL Panel's decision before setting any schedule for the prosecution of the instant action, Defendant will suffer no prejudice by dismissal and the Court will not have expended significant resources in overseeing the litigation.

Accordingly, Plaintiff Williams believes that consenting to the litigation of her claims in the Northern District of California will expedite resolution of her and the proposed class' claims, conserve judicial resources, serve the convenience of both parties and reduce the risk of inconsistent pretrial rulings.

Thus, Plaintiff Williams' interests, at this time given the events that have transpired since the filing of the instant complaint, will be served—and her claims both effectively and more efficiently litigated—in the district where Wells Fargo is headquartered.

## V.   Wells Fargo Will Not Be Prejudiced by the Dismissal of this Action

As described herein, at least four similar actions are pending against Wells Fargo, three of which have already been consolidated in the Northern District of California. Regardless of whether this action proceeds, Wells Fargo must defend the claims alleged herein. As: (a) Wells Fargo is headquartered in the Northern District of California; (b) the claims alleged herein allege conduct that emanated, in part, from Wells Fargo's San Francisco headquarters; and (c) the consolidated actions in California are currently

further advanced than this action, Wells Fargo will suffer no harm by the dismissal of this action. If anything, Wells Fargo will benefit by being able to litigate these claims in a more convenient forum vis-à-vis its national headquarters.

Further, Wells Fargo has accrued minimal expense with respect to this action. In *Tyco*, even where discovery had been taken and class certification had briefed, the Seventh Circuit held that, because the discovery pursued in the case had not been overly extensive, the amount of discovery which had taken place during the litigation did not render a voluntary dismissal of the litigation impermissibly prejudicial to the defendant. *See Tyco Laboratories, Inc.*, 627 F.2d at 56. In the *Williams* action, to date, no discovery requests have been served and no issues have been briefed. The parties have simply attended one status conference, where the Court essentially delayed further litigation of this action, pending the resolution of Wells Fargo's MDL Motion.

VI.    **Conclusion**

For the foregoing reasons, Plaintiff Williams respectfully submits that her action be dismissed, without prejudice.

Dated: March 19, 2008                    Respectfully submitted,

                         **SCHIFFRIN BARROWAY**
                         **TOPAZ & KESSLER, LLP**


                              */s/ Edward W. Ciolko*
                         Joseph H. Meltzer
                         Edward W. Ciolko
                         Katherine B. Bornstein
                         Joseph A. Weeden
                         280 King of Prussia Road
                         Radnor, Pennsylvania 19087
                         Telephone: (610) 667-7706
                         Facsimile: (610) 667-7056

**ROBERT D. ALLISON &
ASSOCIATES**
Robert D. Allison, I.D. #36749
Bruce C. Howard
Steven P. Schneck
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
Telephone: (312) 427-7600
Facsimile: (312) 427-1850

*Attorneys for Judy Williams*

# **EXHIBIT A**

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman (*Pro Hac Vice*)
Wendy J. Harrison (CA SBN 151090)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 274-1100

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (CA SBN 90858)
42 Miller Avenue
Mill Valley, California 94941
(415) 381-5599

RODDY KLEIN & RYAN
Gary Klein (*Pro Hac Vice*)
Shennan Kavanagh (*Pro Hac Vice*)
727 Atlantic Avenue
Boston, MA  02111-2810
Telephone:  617/357-5500

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
Shawn A. Williams
100 Pine Street Suite 2600
San Francisco, CA 94111
Telephone:  415/288-4545

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
Samuel H.  Rudman (*Pro Hac Vice*)
Robert M. Rothman (*Pro Hac Vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION | [PROPOSED] PRE-TRIAL ORDER NO. 1 |
| | Honorable Martin J. Jenkins |
| | Date Action Filed: July 30, 2007 |
| This document relates to: | |
| ALL ACTIONS | Lead Case No: C 07-03880 MJJ |
| | Related Case No: C 07-04309 MJJ |

Case 1:07-cv-06342   Document 42-2   Filed 03/25/2008   Page 32 of 71

Case 1:07-cv-06342   Document 36-4   Filed 03/19/2008   Page 11 of 30
Case 3:07-cv-03880-MMC   Document 52   Filed 01/08/2008   Page 2 of 10

In order to promote the just, expeditious and cost-effective resolution of this litigation, IT IS HEREBY ORDERED as follows:

I.      RULE 42 CONSOLIDATION, MASTER FILE AND MASTER DOCKET

A.      Pursuant to Federal Rule of Civil Procedure 42(a), the Clerk of Court shall consolidate the action *Jeffries et al. v. Wells Fargo Bank N.A. et al.,* C 07-03880 MJJ, and Related Case *Ventura et al. v. Wells Fargo Bank N.A.*, C 07-04309 MJJ for pretrial proceedings (the "Consolidated Actions").

B.      The *Jeffries* action, C 07-03880 MJJ, as the first filed action, is the lead case and will now be referred to as "In Re Wells Fargo Residential Mortgage Lending Discrimination Litigation."

C.      Pursuant to LR 3-4(b), when a pleading or other captioned document is filed which is intended to be applicable to all these Consolidated Actions, the paper shall be filed with a caption denoting the new title caption, further denoting the lead case number (C 07-03880 MJJ) above all consolidated case numbers, and indicating that it is applicable to "All Actions." Duplicate originals need not be submitted for associated cases.

D.      When such a pleading or other paper is filed stating that it is applicable to "All Actions," the Clerk of Court ("Clerk") is directed to file such pleading or paper in C 07-03880 MJJ as the Master File, and enter such filing in the docket for C 07-03880 MJJ as the Master Docket.

3

E.    An original of this Order and every subsequent Order shall be filed by the Clerk in the Master File and entered upon the Master Docket.

F.    When a pleading or other captioned document is intended to be applicable only to one or more, but fewer than all, of these Consolidated Actions, the paper shall be filed with a caption indicating the actions which it is applicable to through use of the last name of the first-named plaintiff in that action and that action's case-specific number, and with an additional duplicate original for each of the individual actions so identified.

G.    When such a pleading or other paper is filed stating that it is applicable to fewer than all of these Consolidated Actions, the Clerk is directed to file such pleading or paper in the docket(s) for such action(s).  The Clerk shall also note on the Master Docket those actions to which the document relates.

II.    APPOINTMENT AND ORGANIZATION OF PLAINTIFFS' CO-LEAD AND LIAISON INTERIM CLASS COUNSEL

A.    The organizational structure of Plaintiffs' counsel established under paragraph III.B. hereof shall apply to all such Plaintiffs' counsel in all of these Consolidated Actions, and including subsequently filed actions.

B.    Pursuant to Federal Rule of Civil Procedure 23(g), the following counsel are designated to act on behalf of Plaintiffs and the Class in these Consolidated Actions and all subsequently filed actions unless otherwise ordered by the Court ("Co-Lead and Liaison Interim Class Counsel"):

1.    BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.
      ANDREW S. FRIEDMAN
      2901 N. Central Avenue
      Suite 1000
      Phoenix, AZ  85012
      Telephone:  602/274-1100

      *Co-Lead Interim Class Counsel*

2.    RODDY KLEIN & RYAN
      GARY KLEIN
      727 Atlantic Avenue
      Boston, MA  02111-2810
      Telephone:  617/357-5500

      *Co-Lead Interim Class Counsel*

3.    Coughlin Stoia Geller Rudman & Robbins LLP
      SHAWN A. WILLIAMS
      100 Pine Street Suite 2600
      San Francisco, CA 94111
      Telephone:  415/288-4545

      Coughlin Stoia Geller Rudman & Robbins LLP
      SAMUEL H.  RUDMAN
      ROBERT M. ROTHMAN
      58 South Service Road
      Suite 200
      Melville, NY 11747
      Telephone:  631/367-7100

      *Liaison Interim Class Counsel*

C.    Co-Lead and Liaison Interim Class Counsel are directed to mail a

copy of this Order to all counsel of record in each of these consolidation actions.

D.    Co-Lead and Liaison Interim Class Counsel are expected to maintain

communications and promote harmonious dealings among all Plaintiffs' counsel.

5

Case 1:07-cv-06342    Document 42-2    Filed 03/25/2008    Page 35 of 71

Case 1:07-cv-06342    Document 36-4    Filed 03/19/2008    Page 14 of 30
Case 3:07-cv-03880-MMC    Document 52    Filed 01/08/2008    Page 5 of 10

Co-Lead and Liaison Interim Class Counsel shall provide general supervision of the activities of Plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

      1.    to brief and argue motions;

      2.    to initiate and conduct discovery, including, without limitation, coordination of discovery with Defendants' counsel, the preparation of written interrogatories, requests for admissions and requests for production of documents;

      3.    to direct and coordinate the examination of witnesses in depositions;

      4.    to act as spokesperson at pretrial conferences;

      5.    to call and chair meetings of counsel as appropriate or necessary from time to time;

      6.    to initiate and conduct any settlement negotiations with counsel for Defendants;

      7.    to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

      8.    to consult with and employ experts;

9.     to receive and review periodic time reports of all attorneys on behalf of Plaintiffs and to determine if the time is being spent appropriately and for the benefit of Plaintiffs; and

10.    to perform such other duties as may be expressly authorized by further order of this Court.

E.     Defendants' counsel may rely upon all agreements made with Plaintiffs' Co-Lead and Liaison Interim Class Counsel and such agreements shall be binding on Plaintiffs and Plaintiffs' counsel in these Consolidated Actions and any subsequent related actions.

III.    <u>LATER FILED CASES IN THIS COURT</u>

A.     When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

1.     File a copy of this Order in the separate file for such action.

2.     Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in the actions consolidated herewith.

3.     Make an appropriate entry in the Master Docket.

4.     Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

Case 1:07-cv-06342    Document 42-2    Filed 03/25/2008    Page 37 of 71

Case 1:07-cv-06342    Document 36-4    Filed 03/19/2008    Page 16 of 30
Case 3:07-cv-03880-MMC    Document 52    Filed 01/08/2008    Page 7 of 10

5.    Upon the first appearance of any new defendant(s) mail to the attorneys for the defendant(s) in such newly filed or transferred case a copy of this Order.

B.    Counsel for plaintiffs and defendants in the consolidated actions shall cooperate in calling to the attention of the Clerk any newly filed or transferred case.

IV.    <u>APPLICATION OF THIS ORDER TO SUBSEQUENT ACTIONS</u>

A.    This Order shall apply to each case alleging claims similar to those set forth in these consolidated actions, which is filed in or transferred to this Court after the date of this Order, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

B.    Because additional cases may be consolidated with these Consolidated Actions in this Court, this Court will issue orders to the extent practicable calling for such matters to proceed in a manner consistent with the schedule in these Consolidated Actions.

C.    All future plaintiffs' counsel consolidated in this action must be authorized in advance by Co-Lead and Liaison Interim Class Counsel to assume

8

responsibilities related to those of the firms designated above as Co-Lead and
Liaison Interim Class Counsel.

V.    PRESERVATION OF EVIDENCE

A.    The Court reminds the parties of their duty to preserve evidence that
may be relevant to these Consolidated Actions.

B.    This duty extends to documents, data and tangible things (to be
interpreted broadly) in the possession, custody and control of the parties to this
action, and the employees, agents, contractors or other non-parties who possess
materials reasonably anticipated to be subject to discovery in these consolidated
actions. Counsel are under an obligation to exercise efforts to identify and notify
such non-parties, including employees.

C.    Preservation of evidence is to be interpreted broadly to accomplish the
goal of maintaining the integrity of all documents, data and tangible things
reasonably anticipated to be subject to discovery in these Consolidated Actions.

D.    Counsel are directed to inquire of their respective clients if the
business practices of any party involve the routine destruction, recycling,
relocation or mutation of such materials and, if so, direct the party, to the extent
practicable for the pendency of this order, either to (1) halt such business
processes; (2) sequester or remove such material from the business process; or (3)

9

Case 1:07-cv-06342     Document 42-2     Filed 03/25/2008     Page 39 of 71

Case 1:07-cv-06342     Document 36-4     Filed 03/19/2008     Page 18 of 30
Case 3:07-cv-03880-MMC     Document 52     Filed 01/08/2008     Page 9 of 10

arrange for the preservation of complete and accurate duplicates or copies of such

material, suitable for later discovery if requested.

     E.    The most senior lawyer or lead trial counsel representing Defendant

and a representative for Co-Lead and Liaison Interim Class Counsel shall, not later

than _____, 2008, submit to the Court under seal and pursuant to Federal

Rule of Civil Procedure 11, a statement that the directive in paragraph IV(D)

above, has been carried out.

## VI.   MISCELLANEOUS

     A.    Counsel for all parties are directed to cooperate with one another,

whenever possible, to promote the expeditious handling of pretrial proceedings in

these Consolidated Actions.

     B.    All subsequent pretrial orders issued in these Consolidated Actions

shall be numbered consecutively.  Any reference to an Order of this Court in any

document filed with the Court shall include the proper number of the Order.

     C.    This Order may be amended by the Court on its own motion, and any

party may apply at any time to this Court for a modification or exception to this

Order.

     D.    Service of any pleading, motion or other paper shall be made by hand

delivery, facsimile, overnight delivery or by United States mail to counsel for

Defendant and to the firms appointed as Co-Lead and Liaison Interim Class

Case 1:07-cv-06342     Document 42-2     Filed 03/25/2008     Page 40 of 71

Case 1:07-cv-06342     Document 36-4     Filed 03/19/2008     Page 19 of 30
Case 3:07-cv-03880-MMC     Document 52     Filed 01/08/2008     Page 10 of 10

Counsel, as well as by e-mail to the designated e-mail distribution lists submitted by each party, as updated.

    E.    All Plaintiffs' counsel in these Consolidated Actions and counsel of any future matter consolidated with this case shall submit a record of the time expended on these matters on a monthly basis in a manner prescribed by Co-Lead and Liaison Interim Class Counsel.

IT IS SO ORDERED.

DATED:    January 8    , 2008.

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

11

**EXHIBIT B**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

#### RELATED CASE ORDER

An Administrative Motion has been filed, stating that the following cases may be related within the meaning of Civil L.R. 3-12:

| | |
|---|---|
| C 07-3880 MMC | **Jeffries, et al. v. Wells Fargo Bank, N.A., et al.** |
| C 07-4309 MMC | **Ventura, et al. v. Wells Fargo Bank** |
| C 08-0492 JSW | **Brown v. Wells Fargo Bank, N.A.** |

#### ORDER

On the basis of the material submitted to the Court, as the Judge assigned to the earliest filed case, I find that the cases:

[   ] **ARE NOT RELATED** as defined by Civil L.R. 3-12(a).

[ X ] **ARE RELATED** as defined by Civil L.R. 3-12(a). Counsel are instructed that all future filings in Brown v. Wells Fargo Bank, N.A. are to bear the initials **MMC** immediately after the case number. Any case management conference in the reassigned case will be rescheduled by the Court. Any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the undersigned; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for any appearance in court, which will be rescheduled by the undersigned.

**DATED:** February 21, 2008

_____
MAXINE M. CHESNEY
United States District Judge

# **EXHIBIT C**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NANCY JEFFRIES, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | NO.  C-07-3880  MMC |
| | ) | |
| vs. | ) | |
| | ) | **CASE MANAGEMENT** |
| WELLS FARGO BANK, et al., | ) | **CONFERENCE ORDER** |
| | ) | |
| Defendant(s), | ) | |
| | ) | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on   Friday, May 2, 2008          at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date. Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:   February 27, 2007.


MAXINE M. CHESNEY
United States District Judge

**EXHIBIT D**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERT VENTURA, SR., et al., | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | NO.  C-07-4309  MMC |
| | ) | |
| vs. | ) | |
| | ) | CASE MANAGEMENT |
| WELLS FARGO BANK, | ) | CONFERENCE ORDER |
| | ) | |
| Defendant(s), | ) | |
| | ) | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on   Friday, May 2, 2008          at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement*. Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:     February 27, 2007.

MAXINE M. CHESNEY
United States District Judge

**<u>EXHIBIT E</u>**

Case 1:07-cv-06342   Document 42-2   Filed 03/25/2008   Page 50 of 71

Case 1:07-cv-06342   Document 36-4   Filed 03/19/2008   Page 29 of 30
Case 3:08-cv-00492-MMC   Document 10   Filed 02/25/2008   Page 1 of 2

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUBY KATHRYN BROWN,                )
                                   )
                                   )
                Plaintiff(s),      )     NO.  C-08-0492   MMC
                                   )
        vs.                        )
                                   )     CASE MANAGEMENT
WELLS FARGO BANK, N.A.,            )     CONFERENCE ORDER
                                   )
                Defendant(s),      )
_____)

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on   Friday, May 2, 2008   at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  <u>See</u> Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:   February 27, 2007.

**MAXINE M. CHESNEY**
**United States District Judge**

# EXHIBIT B

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

CASE NUMBER:  C 07-03880 MJJ

TITLE:  JEFFRIES et al -v- WELLS FARGO BANK N.A. et al

**REASSIGNMENT ORDER**
Assignment Plan - Paragraph J

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the Honorable Judge Maxine M. Chesney at the San Francisco Division for all further proceedings.

This case has been assigned the following new number:  C 07-03880 MMC. All future filings should reflect this number.  Please change all records accordingly.

**ALL PREVIOUSLY NOTICED MOTIONS MUST BE RENOTICED BEFORE THE ABOVE-NAMED JUDGE. ANY PAPERS PREVIOUSLY FILED IN SUPPORT OF OR IN OPPOSITION TO A MOTION NEED NOT BE REFILED.  PREVIOUSLY SCHEDULED STATUS AND CASE MANAGEMENT CONFERENCES ARE VACATED. COUNSEL WILL RECEIVE NOTICE FROM THE CLERK RESETTING ANY STATUS OR CASE MANAGEMENT CONFERENCES IN CIVIL CASES, AND ANY OTHER HEARINGS IN CRIMINAL CASES.  ALL OTHER SCHEDULED MATTERS, INCLUDING DISCOVERY CUT-OFF DATES, DOCUMENT DISCLOSURE DATES, DEADLINE FOR FILING PRETRIAL DOCUMENTS, PRETRIAL CONFERENCE AND TRIAL DATE AND ADR SETTINGS AND DEADLINES, SHALL REMAIN IN EFFECT, UNLESS OTHERWISE ORDERED BY THE NEWLY ASSIGNED JUDGE. MATTERS PREVIOUSLY REFERRED TO A MAGISTRATE JUDGE SHALL REMAIN BEFORE THAT MAGISTRATE JUDGE.**

DATED: February 15, 2008            FOR THE EXECUTIVE COMMITTEE:

Richard W. Wieking
Clerk

# EXHIBIT C

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

CASE NUMBER:  C 07-04309 MJJ

TITLE:  VENTURA et al -v- WELLS FARGO BANK NA et al

**REASSIGNMENT ORDER**
Assignment Plan - Paragraph J

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the Honorable Judge Maxine M. Chesney at the San Francisco Division for all further proceedings.

This case has been assigned the following new number: C 07-04309 MMC. All future filings should reflect this number. Please change all records accordingly.

**ALL PREVIOUSLY NOTICED MOTIONS MUST BE RENOTICED BEFORE THE ABOVE-NAMED JUDGE. ANY PAPERS PREVIOUSLY FILED IN SUPPORT OF OR IN OPPOSITION TO A MOTION NEED NOT BE REFILED. PREVIOUSLY SCHEDULED STATUS AND CASE MANAGEMENT CONFERENCES ARE VACATED. COUNSEL WILL RECEIVE NOTICE FROM THE CLERK RESETTING ANY STATUS OR CASE MANAGEMENT CONFERENCES IN CIVIL CASES, AND ANY OTHER HEARINGS IN CRIMINAL CASES. ALL OTHER SCHEDULED MATTERS, INCLUDING DISCOVERY CUT-OFF DATES, DOCUMENT DISCLOSURE DATES, DEADLINE FOR FILING PRETRIAL DOCUMENTS, PRETRIAL CONFERENCE AND TRIAL DATE AND ADR SETTINGS AND DEADLINES, SHALL REMAIN IN EFFECT, UNLESS OTHERWISE ORDERED BY THE NEWLY ASSIGNED JUDGE. MATTERS PREVIOUSLY REFERRED TO A MAGISTRATE JUDGE SHALL REMAIN BEFORE THAT MAGISTRATE JUDGE.**

DATED: February 15, 2008              FOR THE EXECUTIVE COMMITTEE:

Richard W. Wieking
Clerk

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### RELATED CASE ORDER

An Administrative Motion has been filed, stating that the following cases may be related within the meaning of Civil L.R. 3-12:

| | |
|---|---|
| C 07-3880 MMC | **Jeffries, et al. v. Wells Fargo Bank, N.A., et al.** |
| C 07-4309 MMC | **Ventura, et al. v. Wells Fargo Bank** |
| C 08-0492 JSW | **Brown v. Wells Fargo Bank, N.A.** |

### ORDER

On the basis of the material submitted to the Court, as the Judge assigned to the earliest filed case, I find that the cases:

[  ] **ARE NOT RELATED** as defined by Civil L.R. 3-12(a).

[ X ] **ARE RELATED** as defined by Civil L.R. 3-12(a). Counsel are instructed that all future filings in Brown v. Wells Fargo Bank, N.A. are to bear the initials **MMC** immediately after the case number. Any case management conference in the reassigned case will be rescheduled by the Court. Any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the undersigned; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for any appearance in court, which will be rescheduled by the undersigned.

DATED: February 21, 2008

MAXINE M. CHESNEY
United States District Judge

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NANCY JEFFRIES, et al.,     )
                         )
                         )
        Plaintiff(s),    )    NO.  C-07-3880  MMC
                         )
     vs.                )
                         )    CASE MANAGEMENT
WELLS FARGO BANK, et al.,   )    CONFERENCE ORDER
                         )
        Defendant(s),   )
_____)

      IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil
Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case
before the Honorable Maxine M. Chesney on ___Friday, May 2, 2008___ at 10:30 a.m.
in Courtroom No. 7, 19th floor Federal Building.

      Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at
once on all parties to this action, and on any parties subsequently joined, in accordance
with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a
certificate of service with the Clerk of this Court.

      Counsel are directed to confer in advance of the Case Management Conference
with respect to all of the agenda items listed in the *Standing Order for All Judges of the
Northern District of California/Contents of Joint Case Management Statement.* Not less
than seven days before the conference, counsel shall file a joint case management
statement addressing each agenda item.  Failure to file a joint statement shall be
accompanied by a signed declaration setting forth the grounds for such failure.

      Each party shall be represented at the Case Management Conference by counsel
prepared to address all of the matters referred to in this Order, and with authority to
enter stipulations and make admissions pursuant to this Order.

      Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:  February 27, 2007.

MAXINE M. CHESNEY
United States District Judge

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

GILBERT VENTURA, SR., et al.,   )
                          )
                          )
          Plaintiff(s),   )     NO:  C-07-4309  MMC
                          )
      vs.                )
                          )     CASE MANAGEMENT
WELLS FARGO BANK,      )     CONFERENCE ORDER
                          )
         Defendant(s).   )
_____)

     IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on ___Friday, May 2, 2008___ at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

     Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

     Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item. Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

     Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

     Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:   February 27, 2007.


MAXINE M. CHESNEY
United States District Judge

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBY KATHRYN BROWN, | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | NO.  C-08-0492   MMC |
| | ) | |
| vs. | ) | |
| | ) | CASE MANAGEMENT |
| WELLS FARGO BANK, N.A., | ) | CONFERENCE ORDER |
| | ) | |
| Defendant(s), | ) | |
| _____ | ) | |

     IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on ___Friday, May 2, 2008___ at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

     Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

     Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement*. Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

     Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

     Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:   February 27, 2007.


MAXINE M. CHESNEY
United States District Judge

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In Re WELLS FARGO MORTGAGE LENDING PRACTICES | ) ) ) ) | MDL No. 1930 |
| | | CERTIFICATE OF SERVICE |

I, Wendy J. Harrison, hereby certify that on March 19, 2008, a copy of the following was

served by United States mail, postage prepaid, on the parties listed on the attached Panel Attorney

Service List:

**PLAINTIFFS NANCY AND JOHNNY JEFFRIES AND GILBERT AND TRACY
VENTURA'S SUPPLEMENTAL RESPONSE TO MOTION OF WELLS FARGO,
N.A. UNDER 28 U.S.C. §1407 TO TRANSFER FOR CONSOLIDATED AND
COORDINATED PRETRIAL PROCEEDINGS**

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
WENDY J. HARRISON

Andrew S. Friedman
Wendy J. Harrison
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

RODDY KLEIN & RYAN
GARY KLEIN
SHENNAN KAVANAGH
GILLIAN FEINER
727 Atlantic Avenue
Boston, MA  02111-2810
Telephone:  617/357-5500
617/357-5030 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List          Page 1

Docket: 1930 - IN RE: Wells Fargo Mortgage Lending Practices Litigation
Status: Pending on / /
Transferee District:          Judge:                                           Printed on 01/25/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Ciolko, Edward W.<br>SCHIFFRIN BARROWAY TOPAZ & KESSLER LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | =>Phone: (610) 667-7706 Fax: (610) 667-7056 Email: eciolko@sbtklaw.com<br>Williams, Judy* |
| Dillon, Timothy P.<br>LAW OFFICES OF TIMOTHY P DILLON<br>361 Forest Avenue<br>Suite 205<br>Laguna Beach, CA 92651 | =>Phone: (949) 376-2800 Fax: (949) 376-2808 Email: timothy@dillonlaw.net<br>Rodriguez, Josefina*; Rodriguez, Juan* |
| Friedman, Andrew C.<br>BONNETT FAIRBOURN FRIEDMAN & BALINT PC<br>2901 N. Central Avenue<br>Suite 1000<br>Phoenix, AZ 85012 | =>Phone: (602) 274-1100 Fax: (602) 274-1199 Email: afriedman@bffb.com<br>Ventura, Sr., Gilbert*; Ventura, Tracy D.* |
| Mortgage Direct, Inc.,<br>360 West Butterfield Road<br>Suite 320<br>Elmhurst, IL 60126 | =><br>Mortgage Direct, Inc. |
| Phillips, Jr., Robert D.<br>REED SMITH LLP<br>Two Embarcadero Center<br>Suite 2000<br>San Francisco, CA 94111 | =>Phone: (415) 543-8700 Fax: (415) 391-8269 Email: rphillips@reedsmith.com<br>Wells Fargo Bank, N.A.* |
| Rothman, Robert M.<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>58 South Service Road<br>Suite 200<br>Melville, NY 11747 | =>Phone: (631) 367-7100 Fax: (631) 367-1173 Email: rrothman@csgrr.com<br>Jeffries, Johnny*; Jeffries, Nancy* |

Copies also sent to:

Lori E. Andrus
Andrus Liberty & Anderson LLP
1438 Market Street
San Francisco, CA 94102

Phone: (415) 896-1000  Fax (415) 896-2249 Email:
lori@libertylaw.com
Ruby Kathryn Brown, California Northern District
Case No. C-08-0492-EDL

## SCHEDULE A

*Nancy Jeffries, et al. v. Wells Fargo Bank, N.A., et al., C.A. No. 3:07-3880*
United States District Court for the Northern District of California (San Francisco Division)

Shawn Williams
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
**Attorney for Plaintiffs**

Marvin Miller
Matthew Vantine
Lori Fanning
Miller Law LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
**Attorney for Plaintiffs**

Thomas Sobol
Gregory Matthews
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Boston, MA 02142
**Attorneys for Plaintiffs**

*Gilbert Ventura, Sr., et al. v. Wells Fargo Bank, N.A., C.A. No. 3:07-4309*
United States District Court for the Northern District of California (San Francisco Division)

Mark Chavez
Nance Becker
Chavez & Gertler L.L.P.
42 Miller Avenue
Mill Valley, CA 94941
**Attorneys for Plaintiffs**

Leslie E. Hurst
Theodore Joseph Pintar
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
**Attorneys for Plaintiffs**

*Judy Williams v. Wells Fargo Bank, N.A., C.A. No. 1:07-6342*
United States District Court for the Northern District of California (Western Division)

Robert Allison
Bruce Howard
Steven Schneck
Robert D. Allison & Associates
122 S. Michigan Ave., Suite 1850
Chicago, IL 60603
**Attorneys for Plaintiffs**


*Ruby Kathryn Brown v. Wells Fargo Bank, N.A., C.A. No. 3:08-00492*
United States District Court for the Northern District of California (San Francisco Division)

Lori Erin Andrus
Micha Star Liberty
Jenny Lee Anderson
Andrus Liberty & Anderson LLP
1438 Market Street
San Francisco, CA 94102
**Attorneys for Plaintiff**

Barry W. Walker
The Walker Law Firm
Two 20th Street North, Suite 1320
Birmingham, AL 35203
**Attorney for Plaintiff**