# EXHIBIT B

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman (*Pro Hac Vice*)
Wendy J. Harrison (CA SBN 151090)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 274-1100

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (CA SBN 90858)
42 Miller Avenue
Mill Valley, California 94941
(415) 381-5599

RODDY KLEIN & RYAN
Gary Klein (*Pro Hac Vice*)
Shennan Kavanagh (*Pro Hac Vice*)
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: 617/357-5500

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
Shawn A. Williams
100 Pine Street Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
Samuel H. Rudman (*Pro Hac Vice*)
Robert M. Rothman (*Pro Hac Vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WELLS FARGO RESIDENTIAL MORTGAGE LENDING DISCRIMINATION LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | [PROPOSED] PRE-TRIAL ORDER NO. 1<br><br>Honorable Martin J. Jenkins<br><br>Date Action Filed: July 30, 2007<br><br>Lead Case No: C 07-03880 MJJ<br><br>Related Case No: C 07-04309 MJJ |

In order to promote the just, expeditious and cost-effective resolution of this litigation, IT IS HEREBY ORDERED as follows:

I.     RULE 42 CONSOLIDATION, MASTER FILE AND MASTER DOCKET

A.     Pursuant to Federal Rule of Civil Procedure 42(a), the Clerk of Court shall consolidate the action *Jeffries et al. v. Wells Fargo Bank N.A. et al.*, C 07-03880 MJJ, and Related Case *Ventura et al. v. Wells Fargo Bank N.A.*, C 07-04309 MJJ for pretrial proceedings (the "Consolidated Actions").

B.     The *Jeffries* action, C 07-03880 MJJ, as the first filed action, is the lead case and will now be referred to as "In Re Wells Fargo Residential Mortgage Lending Discrimination Litigation."

C.     Pursuant to LR 3-4(b), when a pleading or other captioned document is filed which is intended to be applicable to all these Consolidated Actions, the paper shall be filed with a caption denoting the new title caption, further denoting the lead case number (C 07-03880 MJJ) above all consolidated case numbers, and indicating that it is applicable to "All Actions." Duplicate originals need not be submitted for associated cases.

D.     When such a pleading or other paper is filed stating that it is applicable to "All Actions," the Clerk of Court ("Clerk") is directed to file such pleading or paper in C 07-03880 MJJ as the Master File, and enter such filing in the docket for C 07-03880 MJJ as the Master Docket.

E.   An original of this Order and every subsequent Order shall be filed by the Clerk in the Master File and entered upon the Master Docket.

F.   When a pleading or other captioned document is intended to be applicable only to one or more, but fewer than all, of these Consolidated Actions, the paper shall be filed with a caption indicating the actions which it is applicable to through use of the last name of the first-named plaintiff in that action and that action's case-specific number, and with an additional duplicate original for each of the individual actions so identified.

G.   When such a pleading or other paper is filed stating that it is applicable to fewer than all of these Consolidated Actions, the Clerk is directed to file such pleading or paper in the docket(s) for such action(s).  The Clerk shall also note on the Master Docket those actions to which the document relates.

II.  APPOINTMENT AND ORGANIZATION OF PLAINTIFFS' CO-LEAD AND LIAISON INTERIM CLASS COUNSEL

A.   The organizational structure of Plaintiffs' counsel established under paragraph III.B. hereof shall apply to all such Plaintiffs' counsel in all of these Consolidated Actions, and including subsequently filed actions.

B.   Pursuant to Federal Rule of Civil Procedure 23(g), the following counsel are designated to act on behalf of Plaintiffs and the Class in these Consolidated Actions and all subsequently filed actions unless otherwise ordered by the Court ("Co-Lead and Liaison Interim Class Counsel"):

1.  BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.
    ANDREW S. FRIEDMAN
    2901 N. Central Avenue
    Suite 1000
    Phoenix, AZ  85012
    Telephone:  602/274-1100

    *Co-Lead Interim Class Counsel*

2.  RODDY KLEIN & RYAN
    GARY KLEIN
    727 Atlantic Avenue
    Boston, MA  02111-2810
    Telephone:  617/357-5500

    *Co-Lead Interim Class Counsel*

3.  Coughlin Stoia Geller Rudman & Robbins LLP
    SHAWN A. WILLIAMS
    100 Pine Street Suite 2600
    San Francisco, CA 94111
    Telephone:  415/288-4545

    Coughlin Stoia Geller Rudman & Robbins LLP
    SAMUEL H.  RUDMAN
    ROBERT M. ROTHMAN
    58 South Service Road
    Suite 200
    Melville, NY 11747
    Telephone:  631/367-7100

    *Liaison Interim Class Counsel*

C.  Co-Lead and Liaison Interim Class Counsel are directed to mail a copy of this Order to all counsel of record in each of these consolidation actions.

D.  Co-Lead and Liaison Interim Class Counsel are expected to maintain communications and promote harmonious dealings among all Plaintiffs' counsel.

Co-Lead and Liaison Interim Class Counsel shall provide general supervision of the activities of Plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

  1.  to brief and argue motions;

  2.  to initiate and conduct discovery, including, without limitation, coordination of discovery with Defendants' counsel, the preparation of written interrogatories, requests for admissions and requests for production of documents;

  3.  to direct and coordinate the examination of witnesses in depositions;

  4.  to act as spokesperson at pretrial conferences;

  5.  to call and chair meetings of counsel as appropriate or necessary from time to time;

  6.  to initiate and conduct any settlement negotiations with counsel for Defendants;

  7.  to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

  8.  to consult with and employ experts;

  9. to receive and review periodic time reports of all attorneys on behalf of Plaintiffs and to determine if the time is being spent appropriately and for the benefit of Plaintiffs; and

  10. to perform such other duties as may be expressly authorized by further order of this Court.

 E. Defendants' counsel may rely upon all agreements made with Plaintiffs' Co-Lead and Liaison Interim Class Counsel and such agreements shall be binding on Plaintiffs and Plaintiffs' counsel in these Consolidated Actions and any subsequent related actions.

III. <u>LATER FILED CASES IN THIS COURT</u>

 A. When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

  1. File a copy of this Order in the separate file for such action.

  2. Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in the actions consolidated herewith.

  3. Make an appropriate entry in the Master Docket.

  4. Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

      5.    Upon the first appearance of any new defendant(s) mail to the attorneys for the defendant(s) in such newly filed or transferred case a copy of this Order.

      B.    Counsel for plaintiffs and defendants in the consolidated actions shall cooperate in calling to the attention of the Clerk any newly filed or transferred case.

IV.    APPLICATION OF THIS ORDER TO SUBSEQUENT ACTIONS

      A.    This Order shall apply to each case alleging claims similar to those set forth in these consolidated actions, which is filed in or transferred to this Court after the date of this Order, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

      B.    Because additional cases may be consolidated with these Consolidated Actions in this Court, this Court will issue orders to the extent practicable calling for such matters to proceed in a manner consistent with the schedule in these Consolidated Actions.

      C.    All future plaintiffs' counsel consolidated in this action must be authorized in advance by Co-Lead and Liaison Interim Class Counsel to assume

responsibilities related to those of the firms designated above as Co-Lead and Liaison Interim Class Counsel.

V.  **PRESERVATION OF EVIDENCE**

   A.  The Court reminds the parties of their duty to preserve evidence that may be relevant to these Consolidated Actions.

   B.  This duty extends to documents, data and tangible things (to be interpreted broadly) in the possession, custody and control of the parties to this action, and the employees, agents, contractors or other non-parties who possess materials reasonably anticipated to be subject to discovery in these consolidated actions.  Counsel are under an obligation to exercise efforts to identify and notify such non-parties, including employees.

   C.  Preservation of evidence is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be subject to discovery in these Consolidated Actions.

   D.  Counsel are directed to inquire of their respective clients if the business practices of any party involve the routine destruction, recycling, relocation or mutation of such materials and, if so, direct the party, to the extent practicable for the pendency of this order, either to (1) halt such business processes; (2) sequester or remove such material from the business process; or (3)

arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

    E.    The most senior lawyer or lead trial counsel representing Defendant and a representative for Co-Lead and Liaison Interim Class Counsel shall, not later than _____, 2008, submit to the Court under seal and pursuant to Federal Rule of Civil Procedure 11, a statement that the directive in paragraph IV(D) above, has been carried out.

VI.    <u>MISCELLANEOUS</u>

    A.    Counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in these Consolidated Actions.

    B.    All subsequent pretrial orders issued in these Consolidated Actions shall be numbered consecutively.  Any reference to an Order of this Court in any document filed with the Court shall include the proper number of the Order.

    C.    This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order.

    D.    Service of any pleading, motion or other paper shall be made by hand delivery, facsimile, overnight delivery or by United States mail to counsel for Defendant and to the firms appointed as Co-Lead and Liaison Interim Class

Counsel, as well as by e-mail to the designated e-mail distribution lists submitted by each party, as updated.

  E. All Plaintiffs' counsel in these Consolidated Actions and counsel of any future matter consolidated with this case shall submit a record of the time expended on these matters on a monthly basis in a manner prescribed by Co-Lead and Liaison Interim Class Counsel.

IT IS SO ORDERED.

DATED:  January 8 , 2008.

           _____
           MARTIN J. JENKINS
           UNITED STATES DISTRICT JUDGE