A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Apr 10, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 10, 2008

FILED
CLERK'S OFFICE

IN RE: WELLS FARGO MORTGAGE
LENDING PRACTICES LITIGATION

MDL No. 1930

**FILED**
APR 1 0 2008
APR 10 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

07 C 6342

### TRANSFER ORDER

**Before the entire Panel**[*]: Defendant Wells Fargo Bank, N.A. (Wells Fargo) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in either the Northern District of Illinois or Southern District of Iowa. Plaintiffs in all four actions agree that centralization is appropriate. Plaintiff in the Illinois action supports selection of the Illinois district as transferee forum, while plaintiffs in the three California actions suggest selection of the Northern District of California as transferee district.

This litigation presently consists of four actions listed on Schedule A and pending in three districts as follows: two actions in the Northern District of California and one action each in the Central District of California and the Northern District of Illinois.[1]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether Wells Fargo engaged in discriminatory residential lending practices, including the imposition of discretionary fees/charges which increased the cost of financing resulting in higher loans for minority borrowers than similarly situated non-minority borrowers. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

We further find that the Northern District of California is an appropriate transferee district for this litigation, because (1) three of the five known actions–including the first-filed action–are pending in this district; and (2) Wells Fargo is headquartered in San Francisco and relevant documents and witnesses could be found there.

---

[*] Judge Scirica took no part in the disposition of this matter.

[1] The Panel has been notified that one other related action has recently been filed in the Northern District of California. This action will be treated as a potential tag-along action. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By Simone Voltz
Deputy Clerk
Date 4-10-08

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Maxine M. Chesney for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica* |

IN RE: WELLS FARGO MORTGAGE
LENDING PRACTICES LITIGATION          MDL No. 1930

## SCHEDULE A

<u>Central District of California</u>

Juan Rodriguez, et al. v. Wells Fargo Bank, N.A., C.A. No. 2:07-6780

<u>Northern District of California</u>

Nancy Jeffries, et al. v. Wells Fargo Bank, N.A., et al., C.A. No. 3:07-3880
Gilbert Ventura, Sr., et al. v. Wells Fargo Bank, N.A., C.A. No. 3:07-4309

<u>Northern District of Illinois</u>

Judy Williams v. Wells Fargo Bank, N.A., C.A. No. 1:07-6342